## HAWKINS v. THE STATE.

1. In prosecutions for felonies, the omission of the similiter will not vitiate the proceedings.

2. On the trial of an indictment against a white person, the State may give in evidence a conversation between the accused and a negro, in relation to the offence charged, when the conversation on the part of the negro is merely given in evidence as an inducement, and in illustration of what was said by the white person. But this conversation must be proved by a white person, and not by the negro.

3. It is well settled that confessions induced by the flattery of hope, or terror of punishment, are not admissible in evidence. But a mere observation to the accused, by the person who had her in custody, " that in the long run it would be better for her to tell the truth about the matter, and not any lies," was held not to bring within the above rule, a confession made by the accused afterwards, in a conversation with a third person.

Appeal from the Circuit Court of Jackson county.

*Young, Circuit Attorney.*

It is believed that the only question worthy of the consideration of this court, is whether the court erred in permitting the confessions of the appellant to go to the jury. To show that the court committed no error, see 2d Starkie's Evidence, page 2, and notes thereto ; Arch. Cr. Plea. page 116 & 117.

*Opinion of the Court by Scott, Judge.*

Rebecca Hawkins was indicted, tried and sentenced to imprisonment in the penitentiary for mingling poison with

the food and drink of her husband. From the judgment of the circuit court she appealed to thi⁀ ꞏᴏᴜrt, and now assigns for error, that there was no issue jꞋ          ᴺᴜse; and the admission of improper evidence

In prosecutions for felonies, the omission of the *similiter* will not vitiate the proceedings. Chitty's Cr. Law, 482.

The question as to the legality of the evidence arises from the following facts: A witness stated that he was required by the sheriff to assist in arresting a negro woman, accused with others of poisoning Hawkins; that the said negro woman was arrested and taken to the house of Daniel King, where they found the plaintiff in error, who had been arrested at the burial of her husband, and taken to the house of the said King. When the witness and sheriff, with the negro woman, reached the house of King, the plaintiff in error thus accosted the negro woman: " Mary, do you say I know any thing about this matter?" Mary answered yes, we all know about it; I shall have to die, and I am not going to tell any more lies about it. The plaintiff in error denied all knowledge of the matter. The witness, sheriff, plaintiff in error, and negro woman, then went over to the house of the sheriff; while on their way thither, the plaintiff in error said she knew nothing about the poisoning of Hawkins. The witness stated that just before they reached the house of the sheriff, he said to the plaintiff in error, that it would be better in the long run to tell the truth about this matter, and not any lies, but did not give her any reason why it would be better to do so. The plaintiff in error made no answer to this. Some five, ten, or fifteen minutes after this, and when they were all at the sheriff's house, the plaintiff in error said to the negro woman, Mary, you have ruined us all: Mary replied, dont say I have, Mistress. The plaintiff in error then observed, well, we have ruined ourselves. The negro woman, continuing her conversation, remarked, Mistress, you know you sent Garster for the poison, and that you sent Ned to Garsters for it, and when it came, you told me to put some into a cup and bring it to you; I did so, and you poured some coffee in the cup on it; plaintiff in error said yes, but my heart failed me, and I did

SEPT'R TERM, 1841.

Hawkins
v
The State.

not then give it to him, but threw it out; but in consequence of some ill treatment during the succeeding night, she said the next morning she told Mary to put some more of that stuff in a cup, and bring it to her, and she would try and give it to him: that Mary brought the cup with the poison in a little coffee; she took the cup and poured more coffee into it, and gave it to Hawkins to drink at breakfeast. Hawkins took the cup and drank its contents, and afterwards went out horse hunting, and returned home complaining that he had been sick. The poison used was ratsbane.

It is contended that the court erred in permitting what the negro said to be given in evidence. That negroes cannot testify against white persons is clear; but this rule cannot be carried so far as to exclude the conversation of a negro with a white person, when the conversation on the part of the negro is merely given in evidence as an inducement and in illustration of what was said by the white person. If the conversation of the negro had been proved by herself, then it would clearly have been illegal. Here the state proved by competent witnesses that certain remarks were made to the plaintiff in error in order to show what her reply was. It is a matter of indifference by whom they were made; all that was required was to prove by competent evidence that they were made. That they were made is a fact, which may be proved like any other fact in the cause.

It is next objected, that the confession of the plaintiff was improperly admitted, because it was induced by a promise. That confessions induced by the flattery of hope, or terror of punishment, are not admissible in evidence, is a principle well settled in our jurisprudence. Hector v. State, 2 vol. Mo. Rep. And it is the province of the court, and not of the jury, to determine whether they are made with that degree of freedom which will render them admissible in evidence. From the detail of the witness given above, it cannot be perceived, that the observation to the plaintiff in error. "that in the long run it would be better for her to tell the truth," had any influence on her. She seems to

*On the trial of an indictment against a white person, the State may give in evidence a conversation between the accused and a negro, in relation to the offence charged when the conversation on the part of the negro is merely given in evidence as an inducement, and in illustration of what was said by the white person. But this conversation must be proved by a white person, and not by the negro.*

*It is well settled that confessions induced by the flattery of hope, or terror of punishment, are not admissible in evidence: But a mere observation to the accused, by*

have been laboring under the impression that the negro had betrayed her, and her language was dictated by a sense of disapprobation of her conduct. Laboring under the same impression, she afterwards commences an expostulation with the negro, and in the course of their altercation their guilt is disclosed; it is impossible to say that these disclosures were caused by any thing said by the witness.

Judgment affirmed.

SEPT'R TERM, 1841.

Hawkins v. The State.

the person who had her in custody, "that in the long run it would be better for her to tell the truth about the matter, and not any lies," was held not to bring within the above rule, a confession made by the accused afterwards, in a conversation with a third person.