CROWTHER, Respondent, *vs.* GIBSON, Appellant.

1. Declarations which would otherwise be inadmissible in evidence may become so when they are part of a transaction, evidence of which is admissible.

*Appeal from Cooper Circuit Court.*

*Hayden*, for appellant. Evidence of the declarations of the plaintiff's son was inadmissible. The plaintiff could not be permitted to prove the veracity of her own witness, by showing that, previous to the trial, he had made statements which corresponded with his testimony at the trial. 1 Greenleaf's Ev. §469. 1 Phill. Ev. chap. 8, p. 3 and 7 *et seq.* (3d Am. from 3d London ed.) Buller's N. P. 294. 1 Peters' C. C. R. 203. Note 533 to 2d vol. Phill. on Ev. by Cowan & Hill, p. 776–7–8, and authorities there cited. It cannot be said that the declarations were a part of the *res gestae*, because the defendant was not present, and could not be affected by the transaction, or the declarations accompanying it.

*Leonard* and *Adams*, for respondent. The declarations of plaintiff's son, while he was making the horse kneel, were

admissible as contemporaneous with and illustrative of the fact. They were made *dum fervet opus.* 1 Greenleaf's Ev. §108, 109.

SCOTT, Judge, delivered the opinion of the court.

This was an action for a horse, which was claimed by both of the parties to the suit. The dispute was, whether a horse in the possession of the defendant, which he had purchased, was the horse of the plaintiff, which had strayed from her. A witness for the plaintiff, her son, testified that he had learned the plaintiff's pony to kneel, by taking hold of the bridle, touching him on the knee, and commanding him, by his name, (Charley,) to kneel; that the pony in the possession of the defendant, claimed by his mother (the plaintiff) would perform that feat; that he had tried him in the presence of Wm. Simpson and M. Hogan, and the pony knelt at his command, as he had always done before.

The aforenamed Wm. Simpson was afterwards called as a witness: he testified that the defendant had left the pony with his dray driver, to be broken to the draught; that the plaintiff and her son, the witness, above referred to, came to see the pony, and claimed him as her property. The plaintiff's counsel then asked the witness if Crowther, the son of the plaintiff, made the pony perform any feat, and if, at the time he did so, he spoke of having learned the pony such tricks, by which he could tell him. The defendant objected to this question, but his objection was overruled, and he excepted. The witness then stated that when the plaintiff and her son, the witness, looked at the pony, young Crowther stated that, if the pony was his mother's, he could make it kneel; that he had learned his mother's pony to kneel by taking hold of the bridle and touching him on the knee and commanding him, by his name, to do so; and after the statement, young Crowther made the pony do just as he had said he would do. As soon as he took hold of the bridle and commanded the pony to kneel, touching him on the knee, he knelt. The verdict was for the plaintiff.

1. The only point in the case is, the propriety of the admission in evidence of the statement of young Crowther, testified to by the witness, Simpson, as to what the pony would do. It was contended for the defendant, that the evidence objected to was inadmissible, under the rule which excludes testimony of the witness having made, on previous occasions, statements similar to that made on the trial, unless his veracity has been first attacked; that it was hearsay evidence given by the witness, Simpson, of the acts and declarations done and made by young Crowther in the presence of the witness, previous to the trial of the cause, when he was not upon oath, and in the absence of the defendant, for the purpose of corroborating testimony which said Crowther had before given.

It is clear that evidence that a witness has on previous occasions made a statement similar to that he has testified to on the trial, is not admissible in corroboration of his testimony, unless when a design to misrepresent is charged upon him, in consequence of his relation to the party or cause. 9 Mo. Rep. 812. But we conceive that the question before the court is not affected by this principle. It is clear that the testimony of young Crowther was admissible. There could be no legal objection to it. But it is insisted, that the testimony of Simpson, as to the declarations of Crowther, in relation to the feats the pony could perform, were inadmissible. There are cases in which declarations or confessions would be inadmissible in themselves, yet they become evidence, when facts are shown which corroborate the declaration or confession. An extorted confession of one charged with crime is inadmissible evidence, but if, in consequence of such confession, the property stolen, or the bloody clothes of the person murdered, are discovered, it is competent to show that such discovery was made conformably to the information given by the prisoner. A slave cannot testify against a white person, yet the questions put by a slave to her mistress, respecting the murder of her husband, with which she was charged, were allowed in evidence when proved by a white person, in order that the answers made thereto

by the accused might be received and explained. *Hawkins* v. *State*, 7 Mo. Rep. 190. The declaration by Crowther, in relation to the feat the pony would perform, was a part of the transaction witnessed by Simpson, and without it, the act would have been unmeaning, as not tending to identify the horse in dispute ; whereas, with it, the feat performed was the strongest evidence of identity that could have been given. That Crowther had previously testified to the same fact, was no reason for rejecting the evidence of Simpson. Nothing is more usual on trials than to introduce several witnesses testifying to the same fact. The objection that the verdict is against the weight of evidence, cannot avail here. This is so well settled a rule, that it is useless to refer to instances in which this court has refused to disturb judgments for such cause.

The other judges concurring, the judgment will be affirmed.