NEAL *et al.*, Plaintiffs in Error, *vs.* STONE *et al.*, Defendants in Error.

1. A court cannot refuse to entertain a motion to set aside a partition sale because all interested do not join in the motion.
2. A partition sale will be set aside, where the evidence shows any collusion or contrivance to enable the purchaser to obtain the land below its real value.

### Error to Cooper Circuit Court.

This was a motion to set aside a sheriff's sale in partition. The parties to the partition suit were the heirs of William Stone, deceased, only a portion of whom joined in this motion.

At the hearing, it appeared that the land sold consisted of parts of two adjoining quarter sections, comprising in all upwards of one hundred and eighty acres. It was admitted that the land was sold pursuant to the order of court to George W. Smith, on a credit of twelve months, for the price of six hundred dollars; that the purchase money was still unpaid and no deed had been made. Notice of the sale was duly given in a newspaper, and no question was made of its sufficiency. It described the two tracts to be sold, but did not specify whether they were to be sold separately or in a body.

The sheriff who made the sale testified that it was made pursuant to notice, at the usual hour, while the court was in session; that only two of the heirs were present, viz: Joshua

Lewis and Nathan Neal, who was the father-in-law of Smith, the purchaser: the land was sold in one body by direction of Neal and Lewis, and knocked down to Smith at his first bid, no other bid having been made; no person expressed a desire to buy any lot or part of the land; at the request of Lewis, he proclaimed before the sale that there was a good log house on the farm, an orchard and a spring.

Amick testified that he lived near the land, and it was understood in the neighborhood that it was to be sold in lots; there were several persons in the neighborhood who wanted the land; some wanted it in lots, others in a body; witness attended the sale expecting it to be sold in lots, and if it had been thus sold, he would have bid five dollars an acre for one forty acre tract; a few minutes before the sale, he saw Smith and Neal talking privately together, and after this, the sheriff proclaimed for the first time that the land would be sold in one body; Smith had said before the sale that the land would be sold in one body, and witness made no bid; the land was worth six to seven dollars an acre.

Burke testified that he understood from the advertisement and from Nathan Neal that the land was to be sold in lots, and therefore he did not attend the sale, as he wanted it in a body; if he had known it was to be sold in a body, he would have attended and bid one thousand dollars.

Starke testified that he attended the sale because he expected the land to be sold in lots; saw the advertisement, and was told by Neal that it would be sold in lots; would have bid six dollars an acre for eighty acres, but did not want the whole tract, and so did not bid at all; thinks the land would have brought considerably more if it had been sold in lots; saw Neal and Smith talking privately together, and immediately afterwards it was announced that the land would be sold in a body; does not know what would have been given for other tracts, or whether any one was present who would have bid for them at all, if they had been put up in lots.

This is the substance of all the evidence in the record. The

motion to set aside the sale was overruled, and the movers bring the matter to this court by writ of error.

*Adams* and *Hayden*, for plaintiffs in error.

*Gardenhire*, for defendants in error.

SCOTT, Judge, delivered the opinion of the court.

1. The objection that all the parties injuriously affected by the acts of the sheriff in conducting the sale did not unite in the motion to set it aside, should have its weight in determining this question, but cannot prevail to the extent of preventing its consideration by the courts. As this is a summary proceeding by motion to set aside the sale, it may be regarded as a step in the original cause to which all proper parties were made. Courts are impressed with a sense of the policy of sustaining judicial sales, and are aware of the evil consequences which may result from invalidating them on slight grounds. But this policy must not be so rigidly adhered to, as to create the impression that bad faith or collusion will escape animadversion. When sales are fairly conducted by all those concerned in them, they will not on trivial grounds be disturbed.

The evidence shows that, by the management of those who reaped the advantage, the property in this instance was sold at a price considerably below its value. By the contrivance of the father-in-law of the purchaser, those who would have attended the sale were induced to absent themselves, and the property was afterwards sold in a manner to prevent those from bidding who did attend. The father-in-law being a party to the suit, and interested in the proceeds of the sale, his representations were calculated to influence those who desired to attend the auction.

In conducting a sale of this kind, the sheriff is the agent for all interested, and he should not be controlled by the directions of any one. He should exercise his own discretion, and, governing himself by circumstances, he should conduct the sale in such way as, in his judgment, will obtain the greatest price for the estate sold. Lumping sales are narrowly watched, and

they will generally be discountenanced when complaints are made against them. Still, there are cases in which a whole tract of land, if all its parts are contiguous, would be best sold altogether, although it may consist of many congressional sub-divisions. When the sheriff is disposed to discharge his duty impartially, it is an easy matter to ascertain what is best to be done. As it appears that the sheriff suffered himslf to be controlled by those who obtained the property at an under price, the sale should have been set aside.

Judge Ryland concurring, the judgment will be reversed, and the cause remanded.