WILLIAM A. McCAUSE *et al.*, Plaintiffs in Error, *v.* M. M. McCLURE, GARNISHEE, &c., Defendant in Error.

*Justices' Courts — Attachment — Evidence.*—When the garnishee in an attachment suit denies any indebtedness and the answer is not traversed by the plaintiff, the answer of the garnishee is to be taken as true. In cases of garnishment where the garnishee does not acknowledge an indebtedness, the attaching creditor must by his denial raise a triable issue if he seek to recover a judgment against the garnishee. The answer of the garnishee is evidence for himself, and must be rebutted by competent proof.

*Error to Greene Circuit Court.*

At the trial in the Circuit Court, no evidence was introduced by either party, but the case was tried on the pleadings filed with the justice. The appellants asked the following declarations of law:

1. That when a garnishee admits that he signed a negotiable note, which had been previously signed by two others, for the sum of one thousand dollars, and avers that there was no consideration for such signing, the burden of proof is upon such garnishee to show such want of consideration; and if

he fail to establish such want of consideration, judgment should go against him for the amount that he confesses to be in his hands, and to the extent of plaintiff's demand, if the amount confessed be sufficient therefor; and if not sufficient, to the amount confessed.

2. That when a garnishee admits in his answer that he signed a negotiable promissory note payable to a defendant in an attachment cause in which said garnishee has been garnished, the presumption of law is that there was a valuable consideration for such signing, and it devolves upon such garnishee to establish by evidence a want of consideration, or some equivalent circumstances, in order to prevent judgment from going against him for the amount of the note and interest.

3. That a garnishee in a cause like that above cannot prevent judgment going against him as such garnishee, after admitting that he signed a negotiable note to a defendant in an attachment cause in which said garnishee is garnished, by merely denying that there was any consideration for such signing, and by answering that he does not owe said defendant anything, and has no property and effects of said defendant in his hands, and by stating that one of the original makers of the note had died leaving abundance of property beyond the limits of this State, and by averring the belief of such garnishee that said note had been allowed against the estate of such deceased maker and had been paid off.

These declarations being refused, appellants excepted.

Respondent asked the following instructions, which were given by the court, to which appellants excepted:

1. That the question whether the defendant signed the note sued upon not being in issue, any admissions made by the defendant in regard thereto are presumed to have been made in the manner and under the circumstances stated.

2. The signing of the note by the garnishee, in the absence of further proof, is presumed to have been made in the manner stated in the admission, and for the consideration therein stated.

3. It must appear affirmatively that the note mentioned in the answer of the garnishee is due, and was at the time of the garnishment the property of the defendant in the attachment.

4. When the garnishee could only be a guarantor or endorser, it must appear affirmatively that the parties previously liable have not paid the same, if in such case the garnishee states that he does not know whether the note is paid or not.

5. The statements in the answer must all be taken together in determining what the party admits, and the admissions must be taken in the same manner and condition therein stated.

*T. A. Sherwood*, for plaintiffs in error.

It has been held by this court in the case of Firebaugh et al. v. Stone, Garn., 36 Mo. 111, that the garnishee stands in the relation of debtor to the defendant in the attachment suit, and any defence that he can set up against such defendant may also use in resisting the claim of the attaching creditor. By parity of reasoning the converse of this proposition is equally true, that the garnishee can set up and use no defence against the attaching creditor which he could not successfully assert against the defendant in a suit by the latter against him for the debt. In this case the garnishee admits that he executed a note to the defendant Hash, but says it was without consideration; and having asserted a want of consideration, it devolves upon him to prove it. This he has failed to do; in fact, he did not attempt to prove it. The admissions of a garnishee, like those of any other party, are always to be taken most strongly against himself. Having admitted the existence of a state of facts which *prima facie* made him liable, the *onus* was upon him (just as in the case of a plea of payment) to show matter in avoidance of such liability. This court held in the case of Stevens v. Gwathmey, 9 Mo. 628, that the answer of a garnishee may be disproved by evidence of his declarations made prior to making

his answer; and, *a fortiori*, that part of a garnishee's answer which denies liability can be disproven and overthrown by an express admission of indebtedness contained in the answer itself—Moor v. Towle, 38 Me. 138.

Our statute provides (R. C. 1855, § 32, p. 269), "all issues between the plaintiff and a garnishee shall be tried as ordinary issues between plaintiff and defendant," &c. The garnishee certainly has no other or greater rights, if the attaching creditor proceeds against him, than he would have if sued by the attachment debtor. The method used to reach the fund in his hands surely cannot alter his status, nor enlarge or vary the grounds of his defence—Kames v. Pritchard, 36 Mo. 135. The declarations of law given by the court for defendant were inapplicable to the case at bar, as well as erroneous. The fourth declaration assumes the existence of a f.ct, i. e. that the garnishee in this instance is a guarantor or endorser. It is a well established rule of pleading, that he who confesses must also avoid; and it is not seen why this rule is not as applicable to garnishees as to any other class of pleaders.

*John S. Phelps* and *J. Baker*, for defendant in error.

The declarations of law asked for by the plaintiff were not applicable to the case. There was no direct admission in the answer of the garnishee that he executed or made the note mentioned. The answer, after denying any indebtedness, states that respondent signed a note, that had then been in circulation about a year, without any consideration. This fact does not constitute the making or the execution of the note: the signature, being without consideration, was void. The declaration asked for was not based on the whole admission, but only a part of the statement of the answer. The whole of the answer must be taken together. The construction the plaintiff in error sought to have the court give the answer is as absurd as to leave out a word of negation in a sentence used in a pleading, and thus claim the pleader meant an affirmative averment. The answer of a garnishee

27—VOL. XXXVIII.

is taken to be true until disproved, and in this respect is not like the other pleadings in a case—Drake on Attach. §§ 552–3; 8 Mo. 657; 9 Mo. 628; 12 Mo. 76. But if the note had been duly executed, it was a negotiable note; and there was no evidence that it was in the hands of the payee. The maker is not liable to judgment creditors of the payee unless he has the note at the time of the garnishment—Drake on Attach. §§ 582–9. It must appear affirmatively that he is the owner of the note at the time—id. The garnishee is in no case to be placed in a worse condition than if sued by the payee.

WAGNER, Judge, delivered the opinion of the court.

The respondent was summoned as garnishee in a proceeding by attachment before a justice of the peace. In his answer to the usual interrogatories, he denied that he had in his possession or under his control any money, property or effects of the defendant, or that he owed him anything at the time of the service of the garnishment, or at any time thereafter. He further stated that defendant held a note on A. C. & G. R. Barrett for the sum of about one thousand dollars, which was negotiable, and that about one year after the note was given he signed the same without any consideration. There was no denial to the answer, nor evidence introduced, and the justice of the peace gave judgment in favor of the plaintiffs and against the garnishee. An appeal was taken to the Circuit Court, and on a trial there the answer was the only evidence in the cause, and the court reversed the judgment of the justice, and found for the garnishee, the respondent here.

By the statute in reference to proceedings by attachment before justices of the peace, when the answer of the garnishee is filed the plaintiff may deny the answer, or any part thereof, on the same day on which it is made, if it be a regular law day; and if not, in such time as the justice shall direct. And if the answer of the garnishee is not denied in proper time, it shall be taken as true and sufficient—R. C.

1855, pp. 269–70, §§ 30–35. If the answer of the garnishee shows that he possessed property or effects of the attachment debtor, or owed him anything, it is the duty of the justice to ascertain the amount, and render judgment, whether there be a denial or not—id. § 36.

In this case the garnishee states that he owed the defendant in the attachment suit nothing; that he signed a note which defendant held, but that his signature was obtained without consideration. This was such an answer as required a denial and proof on the part of the plaintiffs; and they having failed to deny its truth, it must be taken to be true and sufficient. In cases of garnishment it is an admitted principle, that where the garnishee does not avow an indebtedness, the attaching creditor must, by his denial, raise a triable issue; here no issue was raised or attempted. We therefore think the instructions asked for by the plaintiffs were properly refused, and the judgment must be affirmed.

Judge Holmes concurs; Judge Lovelace absent.