DANIEL A. GRIFFITH, Appellant, *v.* JAMES JUDGE *et al.* Respondents.

1. *Evidence — Sheriff's sale* — Res gestæ.—In proceedings attacking the validity of a sheriff's sale, declarations and acts occurring at the time are admissible as a part of the *res gestæ*. And when the acts and declarations are calculated to stop the bidding, and do in fact have that effect, they will vitiate the sale, even though the sale is not made under any agreement or bargain which would otherwise invalidate it.

2. *Sales—Agreement to bid on for debtor, etc.—Specific enforcement.*—Where the purchaser at a sheriff's sale agreed with defendant in the execution that he would bid it off for him and give him a title bond to re-convey it to him as soon as the amount bid for it was refunded, and purchasers were prevented from bidding by acts and declarations creating the impression that the purchaser was bidding in the property for defendant in the execution, such agreement should be specifically enforced in a court of equity.

*Appeal from St. Charles Circuit Court.*

*E. A. Lewis*, with *W. B. Napton*, for appellant.

I. The statements of Chittenden could not have been admitted on the ground of Griffith's presence and acquiescence in them when made, as it does not appear that he was within hearing of the conversations between Chittenden and Orrick. Hess was a bidder, was plaintiff in the execution, and attending particularly to all that transpired ; Kingsbury was his attorney, Gatzweiler the sheriff ; and yet none of them heard the alleged statements or announcements by Chittenden or Orrick.

II. The statements could not have been admitted on the ground of combination or confederation between Griffith and Chittenden to perpetrate a fraud or other wrong, because : 1. No evidence tends to show the existence of any such combination at the time, to cheat Judge or any one else. (1 Phil. Ev. 493 ; Metcalf v. Conner, Litt. Sel. Cas. 497.) 2. The declarations do not appear to have been made in furtherance of the pretended common and wrongful purpose. (2 Stark. Ev. 26 ; Field v. Liverman, 17 Mo. 218 ; State v. Thibeau, 30 Verm. 100 ; Commonwealth v. Ingraham, 7 Gray, Mass., 46 ; Preston v. Bowers, 13 Ohio St. 1.) 3. The case, even as stated by the defendant, is not one of fraud, chicanery or wrong-doing by deceit and combination. 4. Chittenden's statements could not be admitted against Griffith on any ground of partnership between them, or joint undertaking of a common enterprise. The effect of those statements, as against Griffith, is simply to prove the existence of the partnership or joint undertaking, or of its alleged objects, which is the same thing in effect. This is always inadmissible. (2 Stark. Ev. 807; Kirkby v. Hewitt, 26 Barb., N. Y., 607 ; Robbins v. Willard, 6 Pick. 464 ; Dixon v. Hood, 7 Mo. 416.)

*H. C. Lackland,* for respondent.

I. Griffith is bound by the declaration of Chittenden, because, first, everything that occurred at the sale is a part of the *res gestæ*. The sale, and all that occurred there, are one whole

transaction. If he receives the benefit of the declarations, he must also accept the responsibility ; if he concurred in the commission of the fraud, he shall not be permitted to obtain a profit thereby. (Stewart v. Severance, 43 Mo. 323, 337 ; McNeeley v. Hunton, 24 Mo. 281.)

II. Any agreement, combination or contrivance, or any appeal to the sympathies of bidders and bystanders, that enables the purchaser to get the land at a reduced price, will vitiate the sale, and be ground enough to set it aside. (Adams v. Turner, 46 Mo. 95.) The evidence of John C. Orrick alone, in regard to what transpired at the sale, is enough to sustain the decree. The other evidence is simply cumulative and overwhelming. (2 Sto. Eq., § 1265 ; Wooton v. Hinkle, 20 Mo. 290 ; Neal v. Stone, *id.* 295 ; Stewart v. Nelson, 25 Mo. 309, 312 ; Slowey v. McMurray, 27 Mo. 118; Turner v. Turner, 44 Mo. 535, 538–9 McNew v. Booth, 42 Mo. 189, 192 ; Grumley v. Webb, 44 Mo. 444.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for lands in St. Charles county. The defendants, except Judge, were merely nominal parties, being his tenants, and having no interest in the controversy.

The defendant Judge, by his answer, set up an equitable defense, to the effect that the plaintiff's title was by sheriff's deed, at execution sale against the defendant, on a judgment rendered against defendant in the Circuit Court of St. Louis county, in favor of Charles J. Hess as administrator of Mary Ann Judge ; that the plaintiff and Chittenden bought the property at the execution sale, under an agreement with the defendant that they would bid it off for him and give him a bond for title to convey it to him as soon as he refunded the amount bid for it. The property comprehended several thousand acres, and was covered by several deeds of trust, amounting in the aggregate to some $50,000, the whole property comprehended in the deeds of trust being worth more than $100,000. The answer, in effect, set up that at the execution sale there were many persons ready to

bid, and the bidders were induced not to bid by the acts and declarations of the plaintiff and Chittenden, creating the impression that they were bidding the property off for the defendant.

The relief prayed for is that the sheriff's deed may be set aside as fraudulent and void, and that the title acquired by the plaintiff and Chittenden be vested in defendant.

During the progress of this cause in the Circuit Court, Chittenden died, leaving his wife his sole devisee, who was made a party plaintiff, and afterward compromised with the defendant and conveyed to him all the interest she held in the premises, and on her motion her name was stricken out of the case.

On the trial, evidence was given conducing to show that the alleged agreement set up in the answer was made, and evidence on the other hand that no such agreement had been made. With other testimony given in the cause, the defendant introduced as evidence the declarations of Chittenden made to J. C. Orrick, who was a bidder at the sheriff's sale, to the effect that he and Griffith had agreed to buy in the land for the benefit of the defendant, and at the same time appealing to Orrick not to run up the land. This was during the progress of the sheriff's sale. Orrick at first refused to stop bidding, and Chittenden again appealed to him in the same way to stop bidding; that he and the plaintiff were buying in the land for defendant. Orrick thereupon ceased bidding, and proclaimed his reasons for ceasing to bid. Whether Griffith heard him or not, he did not know; his action in the premises was brought about by the acts and declarations of Chittenden. When these acts and declarations of Chittenden were offered in evidence, the plaintiff objected on the ground that he could not be affected by them, as they were not heard or noticed by him, and would not be evidence to prove the alleged agreement with defendant. The Circuit Court found the issues for defendant, and decreed to him the relief prayed for in his answer.

Under the view we take of this case, it is not necessary to set forth in detail the evidence given at the trial. The declarations and acts of Chittenden made during the progress of the sheriff's sale were a part of the *res gestæ*. They were made " *dum*

*fervet opus,*" and they were admissible as part of the transaction to show the character of the sale. (Crowther v. Gibson, 19 Mo. 365.) It appears that Orrick, by these acts and declarations of Chittenden, was induced not to bid, and not only not to bid, but to proclaim to the other bidders what was transpiring; that the purchase would be for the benefit of the defendant.

Now, whether there was any agreement in fact or not, between the plaintiff and Chittenden and the defendant, about redeeming the land, these acts of Chittenden were calculated to stop the bidding, and did in fact stop it. A purchase, therefore, made under this state of facts, if there had been no agreement at all for redemption, would have been such a fraud upon the sale as to vitiate the title acquired thereby; and if, in fact, there was such an agreement between the plaintiff and Chittenden and the defendant, as is set up in the answer, it ought to be enforced specifically in favor of the defendant. So in any point of view we think the decree of the Circuit Court was right.

Whilst it is the policy of the law to uphold judicial sales where everything is fair and regular, it is at the same time the duty of the courts to protect the parties to an execution sale where there has been a sacrifice of property by interference with bidders. This seems to have been the case here, and on this ground we think this sale was properly set aside. In support of these views we refer to the cases of Neal v. Stone, 20 Mo. 294; Wooton v. Hinkle, 20 Mo. 290; Stewart v. Nelson, 25 Mo. 309.

Let the judgment be affirmed. The other judges concur.