BROWN & HAMM, Appellants, v. W. H. GUMMERSELL
*et al.*, Garnishees, Respondents.

St. Louis Court of Appeals, April 10, 1888.

1. GARNISHMENT—EVIDENCE.—Upon an issue in garnishment, whether the defendant in execution is, or is not, the owner of a judgment indebtedness which the garnishment pursues, evidence is properly admitted to show that he is only a nominal party to said judgment, having no real or beneficial interest therein.

2. —— INSTRUCTION REFUSED.—In the trial of an issue upon garnishment under execution, an instruction to the effect that the plaintiff is entitled to recover, unless an interplea has been filed by third persons, and that such an interplea having been stricken out by the court, the plaintiff is entitled to judgment, is properly refused.

*Per Rombauer, P. J.:*

1. GARNISHMENT—INSUFFICIENCY OF ANSWER.—Objections to the insufficiency of an answer in garnishment are not properly before the court, unless exceptions are filed, in accordance with section 2532 of the Revised Statutes.

2. —— ISSUES, HOW CONSTITUTED— EFFECT OF ISSUE WANTING. Issues in garnishment are made up, not by the interrogatories and answers, but by the denial and reply. If the denial states no ground upon which a recovery is sought, there can be no issue, and the garnishee is entitled to judgment upon a proper motion.

3. —— TRUST FUND.—The question whether a fund garnished is a trust fund, may be litigated upon proper issues in garnishment under execution.

APPEAL from the St. Louis Circuit Court, HON. LEROY B. VALLIANT, Judge.

*Affirmed.*

BENTLEY & PEABODY, for the appellants: If the garnishee is in doubt he has the means of bringing in all parties having an interest and have it determined. *Wimer v. Pritchartt*, 16 Mo. 252. An agent cannot bring suit in his own name when he has no beneficial interest. *White v. Bennett*, 1 Mo. 102; 6 Mass. 253;

10 Johns. 387. In the following cases examined touching the right of holders of notes for collection to sue in their own names, the record shows that they acted in a fiduciary capacity, or were in fact assignees. *Webb v. Morgan*, 14 Mo. 428 ; *Beattie v. Lott*, 28 Mo. 596 ; *Simmons v. Belt*, 35 Mo. 461. No question of garnishment or secret trust was raised in either of these cases, the only question being whether the suit was instituted by the real party in interest. In *Wright v. Tinsley*, 30 Mo. 389, the petition shows that the plaintiff is trustee of an express trust. In *Nicolay v. Fritchle*, 40 Mo. 67, the court says : " If he (plaintiff) took the note in such a way as to impress him with a trust the beneficiaries may at any time institute proper proceedings for the assertion of their rights." So in the case at bar ; if Kinealy *et al.* were the beneficiaries they could have instituted proper proceedings for the assertion of their rights, as between them and McGinnis, but not in this case where the record debtors of McGinnis are garnished. The instructions asked by plaintiffs and refused by the court were all founded on sound legal principles and precedents and the court erred in refusing them. *Chouteau v. Goddin*, 39 Mo. 229 ; *Garnhart v. Finney,* 40 Mo. 449. Secret trusts are not favored by the law and not permitted to stand in the way of creditors and purchasers. *Selby v. Hood*, 3 Mo. 290. Interplea is not proper and cannot be maintained in cases of levy by garnishment under execution. 17 Mo. App. 36. The above was an attachment suit and the court says : " When the garnishment is on execution (interplea not proper) because no provision for such a proceeding has been made by statute." *Wimer v. Pritchartt*, 16 Mo. 253. But the statute concerning attachment expressly provides that any person claiming property, etc., attached may interplead. Rev. Stat., 1879, sec. 449.

M. KINEALY and JAS. R. KINEALY, for the respondents : The evidence on behalf of the garnishees fully

established the fact that in obtaining this judgment Mr. McGinnis was merely a trustee. A trust estate can never be attached for the debts of the trustee. *Miller v. Richardson*, 1 Mo. 310; *Curling v. Hyde*, 10 Mo. 374; *McKittrick v. Clement*, 52 Mo. 163; *Lackland v. Garesché*, 56 Mo. 267; *Gregg v. Bank*, 80 Mo. 251, 256; *Bank v. King*, 57 Pa. St. 204; *Jordan v. Harman*, 73 Me. 259; *Rundlet v. Jordan*, 3 Me. 47; Drake on Attachment, sec. 529; 2 Wade on Attachment, sec. 478. If these garnishees had admitted in their answer that they owed Mr. McGinnis the money, they would have had to pay this debt twice, as the real owners could sue them and recover. *Richards v. Gregg*, 16 Mo. 418; *Funkhouser v. How*, 24 Mo. 44.

PEERS, J., delivered the opinion of the court.

From the record in this cause it appears that the plaintiffs obtained a judgment in the St. Louis circuit court against one L. A. McGinnis, for the sum of one hundred and twenty-five dollars, on which an execution was issued and placed in the hands of the sheriff, who, failing to find property belonging to McGinnis upon which to levy the execution, garnished the respondents and summoned them to appear and answer at the return term of the writ. In due time the defendants filed their answer to the interrogatories as follows:

"To the said interrogatories and each of them, these garnishees answer no, save as hereinafter set forth. The said Louis A. McGinnis did obtain a judgment in this court against these garnishees for the sum of about two hundred and thirty-six dollars, which judgment is still unpaid, but these defendants have been notified and informed, and, therefore, assert, that said Louis A. McGinnis had not at any time any right, title, or interest in said judgment or in the claim on which it was founded, and merely brought the suit in which said judgment was rendered for and as the agent of Wm. L. D. Shultz and others, who were and are the true owners of said judgment and of the promissory notes for which said judgment

was rendered, and was merely a nominal plaintiff and trustee therein in so doing."

Thereupon, Foster, Shultz, and Kinealy filed an interplea under oath claiming to be the owners of the property garnished, which plea, upon motion of the plaintiffs, was stricken out by the court.

A denial of the answer of the garnishees was filed by the plaintiffs, and a reply by the defendant garnishees. The issue thus raised was submitted to a jury, and a verdict and judgment rendered for the defendants, from which the plaintiffs appeal to this court, insisting upon a reversal: (1) Because the trial court admitted illegal and improper testimony, and (2) because the court refused proper and legal instructions offered by the plaintiffs.

The answer of the garnishees and the denial thereof by the plaintiffs raised an issue of fact, and the evidence bearing on this issue was the only testimony in the case. The evidence on this point tended strongly to show that McGinnis was not the owner of the original judgment, having no interest therein directly or indirectly, being a nominal party only,—and whatever may be our views of one who loans his name for such purposes, yet the testimony was clearly admissible under the pleadings as bearing on the question of fact, and we do not feel justified in reversing the judgment on that ground.

The first instruction asked by the plaintiffs and refused by the court told the jury that the plaintiffs were entitled to recover unless an interplea was filed in writing claiming the property by third persons, and such interplea having been stricken out by the court, plaintiffs were entitled to a judgment. The court properly refused this instruction and in doing so followed the law as laid down in *Wolff v. Vette*, 17 Mo. App. 36, 37, where the subject is discussed in an opinion by Rombauer, J., and the distinction drawn between garnishment under execution and garnishment under the statute concerning attachments.

The other three instructions refused by the court referred to the evidence and the credibility of witnesses, and upon a very careful examination of each and all of them, and a thorough investigation of all the points and authorities referred to by the plaintiffs, we find no reversible error in the record.

The judgment of the lower court will, with the concurrence of the other judges, be affirmed.

ROMBAUER, P. J., delivered a concurring opinion.

While concurring in the result reached in the opinion, I deem it proper to state the reasons which determine my action. The sole contention of the plaintiffs which is entitled to serious consideration is the one that the garnishees' answer was insufficient, and that they were entitled to judgment upon the answer. This question does not properly arise upon the record. If the garnishees' answer was insufficient the plaintiffs should have excepted to it under the provisions of section 2532 of the Revised Statutes. This they failed to do, but instead thereof filed a denial of the facts set out in the garnishees' answer.

The issues in these cases are made up, not by the interrogatories and answers, but by the denial and reply. The statute (sec. 2533) provides: "In all cases where the answer of the garnishee is denied the denial shall contain specially the grounds upon which a recovery is sought against the garnishee, and the garnishee shall be entitled to a reply, and the issue or issues made up on the denial and reply *shall be the sole issue or issues tried*, and the issue or issues shall be tried as ordinary issues between plaintiff and defendant."

Now in the case at bar the denial did not state any grounds on which a recovery is sought, as the statute requires, but simply denies certain statements contained in the garnishees' answer. It is apparent, therefore, that instead of the plaintiff being entitled to a judgment upon the pleadings, the garnishee would have been entitled to it on proper motion, for the reason, among

others, that the first pleading on part of plaintiff essential to raise an issue is missing and fails to state any grounds upon which a recovery is sought against the garnishee.

Beyond this, however, the plaintiffs' argument is fallacious in another respect. It assumes that the question whether the funds represented by the judgment were trust funds, and as such not the subject of garnishment, could not be litigated in this proceeding, because being a garnishment on execution, the statute provides for no interpleas on part of the beneficiaries. We see no reason why the question could not be determined in this proceeding if the parties submitted proper issues to the court for its determination. In *McKittrick v. Clemens*, 52 Mo. 163, where the garnishees defended on similar grounds and obtained judgment in their favor, the Supreme Court held that the court under the pleadings had the right to pronounce upon the defence in absence of the claimant.

It is evident, therefore, that the court committed no error in either view of the case. Either there was no proper issue raised by the denial and reply, and then the garnishee was entitled to judgment, or such issue was raised and then its determination by the court upon substantial evidence in favor of the garnishee cannot be assigned for error.