96  237
44a 643

96  237
51a 256
52a 356

96  237
54a 378

MERRETT, *Appellant*, v. POULTER.

1. **Tax Sale:** PURCHASER, WHEN TRUSTEE: EQUITY.   One who induces others to refrain from bidding at a tax sale, by stating that he desires to bid in the land for the defendant in the tax suit, who was his neighbor, and who so purchases at such sale will be treated as a trustee for such defendant, or the latter may have the sale set aside.   And the vendee of such purchaser who takes by quit-claim deed, while the defendant is still in possession, will take the title subject to the latter's equities.

2. **Practice:** INSTRUCTION.   An instruction upon an issue not presented by the pleadings is properly refused.

*Appeal from Vernon Circuit Court*—HON. CHAS. G. BURTON, Judge.

AFFIRMED.

*L. L. Scott* for appellant.

The defendant is in the same position as if the land had belonged to some other person.   Boughan bought it to keep it from falling into some one's hands who would have acquired a good title as against defendant. It makes no difference that there was only the costs of the tax suit against the land.   He was required to ratify Boughan's act within a reasonable time after being notified of the purchase in order to recover it back.   As he repudiated it, Boughan had a right to recover his money out of the land.

*Kimball & January* for respondent.

(1)   A judicial sale of real estate will be set aside, when the bidding thereat was not fair and free.   *Griffith v. Judge*, 49 Mo. 536.   (2)   A purchaser by quit-claim takes with notice of all equities to which the land was subject in the hands of his grantor.   *Emmel v. Headlee*, 7 S. W. Rep. 22 ; *Mann v. Best*, 62 Mo. 491 ; *Ridgeway v. Holliday*, 59 Mo. 444.   (3)   Instructions are properly refused when not based upon the issues presented by the pleadings.

NORTON, C. J.—This is an ejectment suit to recover the possession of one hundred and sixty acres of land in Vernon county.   The answer of defendant, besides being a general denial, sets up that plaintiff claims title to the real estate described in the petition under a quit-claim deed from R. A. Boughan, executed on the fifth of October, 1882, and that the only claim said Boughan ever had to said real estate "was under a sheriff's deed, executed at the May term of the circuit court, in pursuance of a judgment for taxes rendered against defendant at the May term, 1881, of said court, and a sale thereunder at the November term, 1881, of said court ; that

said tax judgment against said defendant was for the sum of twenty-nine and eleven one-hundredths dollars, and eleven dollars costs. Defendant states that in September, 1881, prior to said sheriff's sale, he paid to the collector of Vernon county, Missouri, all the taxes due on said land and took said collector's receipt therefor ; and that when the sheriff made the sale at the following November term of said court under said tax judgment, there was nothing due on said judgment except the costs of said tax suit, the said sum of eleven dollars. Defendant says that the land described in plaintiff's petition consists of three tracts, situated in three separate sections, and that, at said sheriff's sale, the whole of said land was sold in one mass instead of separately, by tracts, as the law directs ; that said R. A. Boughan was present at said sale and stated to those assembled there for the purpose of bidding that he wanted to buy in said land for the benefit of the owner, his neighbor, J. B. Poulter, defendant herein, and requested others not to bid against him ; that the acts and words of said Boughan were calculated to deter, and did deter, others from bidding on said land, and said Boughan was enabled to, and did buy in a farm, being the land aforesaid, worth thirty-five hundred dollars, for the sum of sixty dollars ; that subsequently said Boughan quit-claimed said land to plaintiff for the expressed consideration of five hundred dollars. Defendant says that at the time of said sheriff's sale he was in possession of said land, and has held possession ever since ; that plaintiff knew defendant was in possession at the time he took said quit-claim deed from said Boughan ; that plaintiff knew said land had been sold at said sale in one mass, and not in separate tracts ; that plaintiff knew said Boughan had paid only the sum of sixty dollars for said land ; and finally defendant says plaintiff never paid anything for said land, neither the sum of five hundred dollars nor any other sum ; that plaintiff is

not an innocent purchaser for value without notice, but on the contrary plaintiff purchased, if at all, with full notice of all the equities of the defendant, knew every circumstance connected with the transaction from the time said tax judgment was rendered against defendant up to the time he took said quit-claim deed. Wherefore defendant brings into court the said sum of sixty dollars and legal interest thereon, and prays that said Boughan may be made a party to the suit, and that the sheriff's sale may be set aside, and said sheriff's deed to Boughan held for naught, and that all the right and title of plaintiff in said land be vested in defendant.''

Plaintiff, by replication, after admitting the fact of the sheriff's sale to Boughan, denies all other allegations of the answer. On the trial the court found the issue thus presented for the defendant and rendered a decree in conformity with the prayer of the answer, and it is from this decree that plaintiff appeals.

There is abundant evidence in the record to establish the fact that Boughan, at the tax sale, stated to other bidders that he wanted to buy the land in, for the defendant, who was his neighbor, and that other bidders were thereby induced to refrain from bidding. The fact thus established gave defendant a clear right to ask the court either to set aside the sale, or treat Boughan as a trustee, and plaintiff who purchased of Boughan while defendant was still in possession of the land, by quit-claim deed, took the title subject to defendant's equities. *Griffith v. Judge*, 49 Mo. 536; *Ridgeway v. Holliday*, 59 Mo. 444; *Mann v. Best*, 62 Mo. 491.

The instructions asked by plaintiff and refused, to the effect that if after said sale defendant refused to treat Boughan as a trustee, he was precluded from doing so in the present suit, were properly refused, if for no other reason than that the pleadings presented no such issue, but simply tendered the issue as to whether Boughan bought the land at the tax sale as

alleged in the answer; the allegations of the answer in that respect were simply denied in the replication, and no such issue as the refused instructions presented is made in the pleadings.

On the whole record the judgment is for the right party, and it is hereby affirmed. All concur, except RAY, J., absent.

