P. E. REES, Assignee, Respondent, v. PECK-KING MORTGAGE COMPANY, Garnishee, Appellant.

Kansas City Court of Appeals, March 7, 1921.

1. **GARNISHMENT: Procedure: Issues are Made up not by Interrogatoris and Answer, but by Denial and Reply.** In garnishment cases, the summoning of the garnishee and the propounding of interrogatories to him and his answer thereto, are merely the *preliminaries* to the making up of the issues between plaintiff and the garnishee; when the latter answers saying he has no money or property of defendant, the denial of the plaintiff is the *foundational* pleading on which his cause of action against the garnishee rests and the issues are made up not by the interrogatories and answer, but by the denial and reply.

2. ———: ———: **Justices of Peace: A Denial of Garnishee's Answer Should Contain Averment of Special Facts, Advising Garnishee of Issues he is Required to Meet.** Garnishment cases arising in the circuit court are governed by section 1864, Revised Statutes 1919, which specifically requires the denial to contain, specially, the grounds upon which a recovery is sought against the garnishee, but there is no such statutory requirement, relating to garnishments in justice courts, and since the denial of the garnishee's answer is the foundational pleading of the cause of action against the garnishee, it should state facts constituting that cause, even though there is no statutory provision relating to justice's garnishments, and where garnishee answered it did not have any money or property of the defendant nor did not owe him anything to which plaintiff filed a mere general denial, such pleading constituted a legal conclusion and did not raise a triable issue which garnishee could meet with a reply.

3. **JUSTICES OF PEACE: Pleading: No Formal Pleadings Required.** Under Section 2735, Revised Statutes, 1919, no formal pleadings are required in a justice's court.

4. ———: Garnishment Proceeding: General Denial by Plaintiff oı Garnishee's Answer not Amendable on Appeal. Unde rsection 2735, Revised Statutes 1919, governing what shall be filed to constitute the foundation of an action, the filing in the justice court by plaintiff of a general denial of garnishee's answer, denying any indebted-ness, did not constitute a cause of action, and could not be amended on appeal in the circuit court under section 2910, Revised Statutes 1919, providing for amendments on appeal with certain specified limitations.

Appeal 'from the Circuit Court of Jackson County.— *Hon. Thos. B. Buckner,* Judge.

REVERSED AND REMANDED (*with directions.*)

*Jay L. Oldham* for respondent.

*John A. Showen* for garnishee, appellant.

TRIMBLE, P. J.—Under an execution issued from a justice's court, on a judgment rendered therein in plaintiff's favor, a writ of garnishment was served on the Peck-King Mortgage Company to appear and answer the usual interrogatories touching its indebtedness to the defendants Swearingen. Garnishee duly appeared and to each of the questions whether, at the time of the service of the garnishment, it had in its possession or under its control any property, money or effects of the defendant and whether it owed defendant any money then or now, answered in the negative.

To this the plaintiff filed a denial which merely said that plaintiff "denies each and every allegation contained in the answer of the garnishee," and stated nothing else in the way of facts showing an indebtedness from garnishee to defendant.

The garnishee filed a motion for judgment on the pleadings which the justice overruled. A trial was had resluting in a judgment against the garnishee, from which it appealed to the circuit court.

When the case reached there, the garnishee objected to the introduction of any evidence because the garnishee's answer was conclusve since there was no affirmative denial of the garnishee's answer, stating facts which would constitute a cause of action against the garnishee. The further objection was made that the denial failed to state any facts constituting a cause of action. These objections were overruled, garnishee excepting. Over these objections of the garnishee, the court heard plaintiff's evidence and at the close of this evidence, the plaintiff filed an amended denial, which in addition to the general denial in the original, set up that defendants, for the purpose of erecting a dwelling, executed two notes, one for $3250 and another for $1250, secured by deed of trust, payable to garnishee, and delivered them to it and they became its property; and that said garnishee, out of the money secured on said notes, was to pay for said dwelling as the building thereof progressed, but that said garnishee had failed and refused to pay out said money and there was a large sum of money still due from the garnishee to the defendant.

The garnishee immediately filed a motion to strike out the amended denial of the garnishee's answer because it was not an amendment but a substitution of a cause of action not pleaded in the justice court, the original denial filed therein failing to affirmatively state any fact constituting any cause of action whatever against the garnishee, so that there was nothing on which an amendment could be based; the motion also again asked that the garnishment proceedings be dismissed. The trial court overruled this motion to strike out and dismiss and then rendered judgment against the garnishee, from which the latter has appealed.

The question is, was the amendment on appeal permissible in this a garnishment proceeding in view of the provisions of section 2735 and section 2910, Revised Statutes 1919, the first governing what shall be filed to

constitute the foundation of an action, and the latter providing for amendments on appeal with certain specified limitations?

The procedure in garnishment cases in justice courts is governed by sections 3075-3080, Revised Statutes 1919. The first of these, section 3075, provides that "the plaintiff may deny the answer of the garnishee or any part thereof, on the same day the answer is made, if it be a regular law day, and, if not, in such time as the justice shall direct." Section 3076 provides that: "The justice shall reduce to writing such denial, showing what part is denied, and what not denied, and file it as a paper in the case." Section 3077 provides that all issues between plaintiff and garnishee "shall be tried as ordinary issues between plaintiff and defendant." Section 3080 says: "If the answer of the garnishee be not denied in proper time, it shall be taken to be true and sufficient."

In garnishment cases, the summoning of the garnishee, and the propounding of the interrogatories to him and his answer thereto, are merely the *preliminaries* to the making up of the issues between plaintff and the garnishee. When the latter answers saying he has no money or property of the defendant, the denial of the plaintiff is the *foundational* pleading on which his cause of action against the garnishee rests. The issues are made up, not by the interrogatories and answer, but by the denial and reply. [McCause v. McClure, 38 Mo. 410; Bunker v. Hibler, 49 Mo. 536, 544; Brown v. Gummersell, 30 Mo. App. 345.]

Now, the garnishee answered that it did not have any money or property of the defendant nor did it owe him anything. The plaintiff met this with a *mere* general denial. In other words, he denied that the garnishee did not have any property of the defendants nor owe them any money. If this is anything at all, it is merely a negative way of saying that garnishee *did* have property of the defendant and *did* owe them money, but

stated no *facts* tending to support that legal conclusion, or raise a "triable issue" which garnishee could meet with a reply.

There are many cases holding that where the garnishee's answer is denied, the denial shall contain, specially, the grounds upon which a recovery is sought against the garnishee, and that the issues raised by the denial and the reply thereto are the sole issues to be tried. [Bambrick v. Bambrick, 152 Mo. App. 69; Bambrick v. Bambrick, 132 S. W. 322, 140 S. W. 193; Holker v. Hennessy, 141 Mo. 527; Brown v. Gummersell, supra.] However, these are garnishment cases arising in the circuit court, and they are therefore governed by section 1864, Revised Statutes, 1919, which specifically requires the denial to "contain, specially, the grounds upon which a recovery is sought against the garnishee." no such requirement appears in the statutes relating to justice's garnishments. However, it would seem that, on principle, since the denial of the garnishee's answer is the foundational pleading of the cause of action against the garnishee, it should state facts constituting that cause even if there is no such provision as the one above quoted in the statute relating to justice's garnishments. The denial stands in place of the petition, Union Bank v. Dillon, 75 Mo. 380; and like any other pleading should contain averment of special facts as would advise garnishee of the particular issues of fact he is called upon to meet. [Bambrick v. Bambrick, 152 Mo. App. 69.] This, it would seem, would apply equally well to a denial in a garnishment in a justice court since there it also takes the place of the statement required in ordinary cases as the foundational pleading of the cause. It was so held in McCause v. McClure, 38 Mo. 410, 415, a garnishment case arising in a justice court, wherein Judge WAGNER said, "In cases of garnishment it is an admitted principle that where the garnishee does not avow an indebtedness, the attaching creditor must, by his denial, raise a triable issue; here no issue was raised or attempted."

But in that case, no denial *of any kind whatever* was filed; while in the case at bar there was a general denial filed in the justice's court; and the question arises whether under the rule that no formal pleadings are required in a justice court and the liberality in allowance of amendments on appeal therefrom to the circuit court under section 2910, Revised Statutes 1919, the filing of a mere general denial would make my difference in the ruling in the McCause case.

In Blackstone v. St. Louis, etc., R. Co., 44 Mo. App. 555, it was held that section 3075, Revised Statutes 1919, limited plaintiff's right to deny the answer within the time therein provided, and as he had failed to do so, the case was properly dismissed in the circuit court to which it had gone on appeal. But in that case, as in the McCause case, supra, no denial of any kind whatever was filed in the justice court; so the question in the case at bar still remains, is the mere general denial which was filed in the justice court such a pleading that, under the liberal rules governing pleadings in the justice court and amendments on appeal in the circuit court, an amended denial can be filed afterwards in the circuit court on appeal?

It is true, no formality is required in making up the pleadings in the justice court, but in many cases where this rule in announced, the court is talking about *defenses* that have been raised; such, for example, is the case of Beck v. Kinealy, 89 Mo. App. 418; and in other cases, the court is merely holding that *techinal* rules of pleading are not applicable to a statement of a cause of action in a justice court, since the statute, section 2735, Revised Statutes 1919, says: "No formal pleadings upon the part of either plaintiff or defendant shall be required in a justice's court," etc. In other words, if the plaintiff, in bringing his suit in the justice court, files something which can be said to come within the requirements of the statute as a statement or foundation of the suit, then

it is not to be held bad because it is deficient in one or more particulars. But section 2735, also says that in instituting a suit "the plantiff shall file with the justice, the instrument sued on, or *a statement* of the account sued on, *or of the facts constituting the cause of action upon which the suit is founded.*" Now, the plaintiff's denial in the case at bar is the foundation of the proceeding against the garnishee. It takes the place of the statement, or account, or instrument, which is the necessary foundation of a suit in a justice's court. But it does not state a single fact constituting his cause of action. True, as herein before stated, it perhaps negatively says garnishee does have property of the defendants and does owe them money, but if such double negative amounts to anything, it is no more than the statement of the general conclusion of law sought to be established, namely, that there is money or property of defendants in the hands of the garnishee. It does not state the facts out of which that situation arises, nor does it state anything which the garnishee can deny or meet with a reply. However, the amended statement filed in the circuit court on appeal does state such facts, and therefore, the question comes down to whether such amendment was permissible.

Section 2910, Revised Statutes, 1919, provides that in all cases of appeal from a justice's court the bill of items of the account sued on, or the statement of the plaintiff's cause of action, may be amended upon appeal when by such amendment "substantial justice will be promoted, but no new item or cause of action not embraced in the original account or statement shall be added by such amendment." This section was first enacted in 1879, and prior to that, the decisions against amendments on appeal were very strict and rigid. But after that, they have been very liberal, in keeping with the spirit and purpose of the statute; and the rule has been to allow amendments in all cases except two. "One is

where no statement was filed before the justice, or where the statement which was filed is so defective as to mean nothing, so that it is equivalent to no statement at all, and the other is where the statement which has been filed before the justice shows that a certain cause of action was litigated there, and it is sought to amend the statement in the circuit court so as to allow a different cause of action to be litigated in that court than was litigated before the justice. Of course, in neither of these cases should an amendment be allowed. But otherwise the greatest latitude is given." [Union Brewing Co. v. Ehlhardt, 139 Mo. App. 129, 139-40.] In Rechnitzer v. Vogelsang, 117 Mo. App. 148, 151, the court said the statement filed was not sufficiently definite to apprise the defendant of the nature of the claim against him nor to bar another action on the same demand, but nevertheless the plaintiff was allowed to amend in the circuit court, "though," says the court, "we do not say that all the decisions can be reconciled with this ruling." It will be observed, however, that in the cast last cited the statement was sufficient to show that the account sued on was for merchandise sold the son of the defendant, Edward J. Vogelsang, during June, 1903, specifying the amount thereof, and the balance due, and was, therefore, something more than nothing at all, and consequently afforded some basis on which an amendment could be made. It was sufficient to show what was at least intended to be embraced in the account. But in the case at bar, a case in garnishment where the plaintiff's denial of the garnishee's answer takes the place of the petition or statement in any other action, the general denial filed contains no fact *whatever* to support the proceeding against the garnishee. Whether this would fail to give the justice jurisdiction to proceed is not precisely the determinative question here. In Dowdy v. Wamble, 110 Mo. 280, 285, the Supreme Court said it was not necessary to decide whether the original statement in that case was sufficient to give jurisdiction or power to pro-

ceed, but assuming that it was insufficient, "the line of demarcation between the jurisdiction of justices and that of the circuit courts" was a subject for legislative regulation, and if the Legislature saw "fit to permit the amendment of a statement or complaint (on appeal from a justice), whereby for the first time, a lawful foundation is laid for the exercise of any jurisdiction over the cause, such enactment would not differ in principle from other laws governing the mode and manner of bringing into play the judicial power of the circuit court, in that class of actions." In that case, however, there was a verified statement, filed in the justice court, setting forth the facts constituting the cause of action, but it was *defective* in that it was not *properly* verified and did not contain *certain allegations* necessary to *affirmatively* show that the justice had jurisdiction. Of course, the original statement was sufficient to form a basis of amendment. Whether the court would have said what is hereinabove quoted *if there had been no original statement* or one that did not contain *any facts at all*, may be a question. What we say now is that where one section, No. 2735, provides that plaintiff must "file a statement of the facts constituting the cause of action upon which the suit is founded" and the other section, No. 2910, says the statement may be amended on appeal "to supply any defect or omission" in the original statement, provided "substantial justice will be promoted; but no new item, or cause of action not embraced or intended to be included in the original account or statement shall be added," it would seem that the legislature *has not yet seen fit* to allow an amendment filed in the circuit court on appeal where there was *no statement filed* or where what was filed was *not* a statement and did not mean anything.

But aside from this, if a plaintiff in a garnishment proceeding in a justice court can merely file a general denial to the garnishee's answer and wait until he gets to the circuit court on appeal to file, for the first time, an

amended statement setting forth the facts on which his cause of action rests, then will "substantial justice be promoted"? The garnishee is haled into a justice court, and having been brought there, he has a right to know there *and before the trial* what are the facts relied on, at least enough of them in order that he may either admit them or make an issue there. But if the plaintiff can file merely a general denial of the garnishee's negative answer, the garnishee is not apprised of what he is called upon to meet, nor can he make an issue thereon, He is compelled to go to trial in order to ascertain what are the facts the plaintiff relies upon. Besides, when he gets into the circuit court on appeal, how will it appear, when the amended denial is filed, whether any "new item or cause of action not embraced or intended to be included in the original statement" has been inserted therein or not? Clearly there is no way to ascertain that fact, except for the trial court to hear evidence on that issue in other words, to have a trial on that feature of the case. This would, we think, result in a substantial injustice to the garnishee. The same result might very likely come to pass in another garnishment between the same parties, if the question arose whether the particular matters involved in the second garnishment had been once adjudicated.

Again, in the absence of fraud, a plaintiff in execution stands only in the shoes of the defendant debtor, and his rights against the garnishee are no greater than those of the debtor. [Reinhart v. Empire Soap Co., 33 Mo. App. 24, 27.] If now, the plaintiff can create *any* foundation for his cause of action against the garnishee by filing something which merely says "I deny you do not owe me any money or property," then he can do more than the defendant debtors can do since they would have to file a "statement of the facts constituting the cause of action on which the suit is founded."

We think that, as a plaintiff's denial of a garnishee's answer takes the place of a statement in an ordinary

suit, it should at least affirmatively state *some* fact upon which the cause of action against the garnishee rests; that a mere general denial in such case states no fact and is the same as if no denial whatever had been filed; that a garnishee is entitled, even in a justice court to know, *before* he goes into trial, what are the facts he will be called upon to meet, so that he can either admit them and thereby save further expense and trouble, or else can raise a proper issue and defend intelligently. At least this is true, where, as in this case, the garnishee objects to going on in the justice court by filing his motion, thereby preserving his right and at the same time, in effect, warning the plaintiff that he should at that time file a denial setting up the facts on which he intends to rely.

The plaintiff cites Farrar v. American Express Company, 219 S. W. 989, in support of his contention that his general denial in the justice court, in the case at bar, is sufficient to permit an amendment in the circuit court. No question of the permissibility of amendment is in that case. The court merely held that the garnishee's denial in that case was sufficient in view of the rule that formality in justice pleadings is not required. It will be observed too that in that case the garnishee's answer set up various facts showing it had money on deposit, and how derived, going to the defendant, but had no means of knowing its title thereto. The plaintiff's denial in the second or last paragraph thereof (p. 992) contained an *affirmative* allegation to the effect that there was various property (which the court says includes money) in the hands of the garnishee of which the defendant was "entitled to its share of carriage charges." In view of the facts stated in the garnishee's answer and of the above allegation in plaintiff's denial, the situation in that case is so entirely different from the one at bar that our decision herein is not deemed to be in conflict therewith.

If the views announced in the foregoing are correct, it follows that the judgment should be reversed and the

cause remanded with directions to the trial court to sustain the garnishee's combined motion to strike out the amended denial and dismiss the *cause,* after hearing garnishee's motion for expenses in defending and making proper allowances thereunder.

It is so ordered. All concur.