CLARA BROMSCHWIG ET AL. v. CARTHAGE MARBLE & WHITE LIME COMPANY, a Corporation; GEORGE S. BEIMDIEK, EMIL J. BEIMDIEK, ARTHUR BEIMDIEK and ELIADA REMMERS ET AL., Appellants.— 68 S. W. (2d) 820.

Division Two, February 23, 1934.

*William H. Corcoran, Jr.,* for appellants.

*Bryan, Williams, Cave & McPheeters* and *Howard Gray* for respondents.

TIPTON, J.—While the case of Clara Bromschwig et al. v. Carthage Marble & White Lime Company, a Corporation, 334 Mo. 319, 66 S. W. (2d) 889, was pending in the Circuit Court of the City of St. Louis, Eliada Remmers and others filed an intervening petition in that case. However, the abstract of the record in case No. 31492 makes no reference to this intervening petition. The defendants,

Carthage Marble & White Lime Company, a Corporation, George S. Beimdiek, Emil J. Beimdiek and Arthur O. Beimdiek, filed their motion to strike the interveners' petition from the files. On May 14, 1930, during the April Term, 1930, the court sustained the motion to strike the interveners' petition from the files and on May 19, 1930, during that term, the interveners filed their affidavit for an appeal, which appeal was granted to this court. On June 29, 1931, the trial court entered a judgment in the main case in favor of the plaintiffs and against the defendants. On July 22 the defendants filed their affidavit of appeal and the appeal was allowed to this court on that date. The interveners, deeming that their appeal to this court was premature, for the reason that no judgment had been entered dismissing their petition after the sustaining of the defendants' motion to strike their petition from the files, dismissed their appeal on July 28, 1931, and on September 3, 1931, and during the same term in which the appeal was allowed to this court in the main case, a judgment was entered dismissing the petition of the interveners. On that date they were allowed an appeal to this court.

The defendants, Carthage Marble & White Lime Company, a Corporation, George S. Beimdiek, Emil J. Beimdiek and Arthur O. Beimdiek, have filed a motion in this court to dismiss the interveners' appeal. One of the reasons assigned in this motion is that the circuit court did not have jurisdiction to enter a judgment dismissing the interveners' petition on September 3, 1931, and allowing an appeal to this court because the circuit court lost jurisdiction in the case when it allowed an appeal to this court on July 22, 1931, which stood unrevoked.

We believe that the respondents' motion should be sustained for that reason.

The Circuit Court of the City of St. Louis on July 22, 1931, lost jurisdiction of the case pending before it when it granted an appeal in that case to this court. The judgment and order allowing an appeal entered by the appellants on September 3, 1931, were a nullity because the circuit court did not have jurisdiction of the cause of action. At that time, the jurisdiction in that case was in this court. It could not be in both courts at the same time.

In the recent case of Niedringhaus v. Wm. F. Niedringhaus Investment Co., 54 S. W. (2d) 79, after a very exhaustive review of the authorities, the St. Louis Court of Appeals held that the trial court could not set aside a judgment after an appeal had been allowed to this court, although the judgment and the order granting the appeal were entered at the same term that the trial court undertook to set aside the judgment but failed to set aside the order granting the appeal. The Court of Appeals in its opinion on page 83 said:

"We hold that the circuit court did not have jurisdiction to set aside its judgment rendered at its October Term, 1928, while the

order granting an appeal from that judgment stood unrevoked and in force, and that its order attempting so to do was a nullity. The said October Term judgment is therefore the final judgment in the cause.''

In the case of State ex rel. Charles B. Williams v. Daues, 334 Mo. 91, 66 S. W. (2d) 137, a certiorari proceeding, we refused to quash the Court of Appeals' opinion in that case.

We, therefore, believe that this appeal should be dismissed. It is so ordered. All concur.