William T. FLYNN, Appellant,

v.

FIRST NATIONAL SAFE DEPOSIT COMPANY, Respondent.

William T. FLYNN, Appellant,

v.

FIRST NATIONAL BANK IN ST. LOUIS, Respondent.

Nos. 44741, 44740.

Supreme Court of Missouri.

Division No. 2.

Dec. 12, 1955.

N. Murray Edwards, Ninian M. Edwards, St. Louis, for appellant.

Thomas S. McPheeters, Jr., John L. Donnell, St. Louis, for garnishees-respondents. Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel.

STOCKARD, Commissioner.

These companion cases involve the allowance to garnishees of attorney fees in the amount of $250 each after motions to quash two writs of garnishment were sustained. The transcripts on appeal and questions presented in each of the two cases are the same. They were briefed as one case, and we will dispose of them in one opinion.

William T. Flynn obtained a judgment on December 4, 1952 against Oscar Janssen, d/b/a Oscar Janssen Architects and Engineers, in the amount of $43,260. Although a motion for new trial had been sustained and the judgment set aside, plaintiff sued out an execution in an apparent effort to enforce the judgment and caused the issuance and service upon respondents of writs of garnishment in aid of execution. The trial court subsequently quashed the execution, and this action was affirmed by this court. Flynn v. Janssen, Mo.Sup., 266 S.W.2d 666. Separate motions by each respondent to quash the writs of garnishment and summonses in garnishment were sustained, and on appeal to this court this action was affirmed. Flynn v. Janssen, Nos. 44047, and 44048, Mo.Sup., 284 S.W.2d 421.

The motions to quash the writs of garnishment contained a request for a reasonable allowance for expenses and attorney fees to each garnishee as authorized by Section 525.240, RSMo 1949, V.A.M.S., but the judgments entered on September 18, 1953 quashing the writs of garnishment made no such allowances. On September 21, 1953 appellant filed a notice of appeal in each case to the judgment quashing the writ of garnishment. On September 25, 1953 each garnishee filed a separate motion requesting such allowances, and on October 15, 1953, after hearing, an allowance to garnishee of $250 for attorney fees to be taxed as costs was made in each case. Plaintiff appealed to the St. Louis Court of Appeals from the "Order and Judgment" in each case granting attorney fees to be taxed as costs against him, and that court transferred both cases here. Flynn v. First National Bank in St. Louis, and Flynn v. First National Safe Deposit Co., Mo.App., 273 S.W.2d 756. These are the appeals now before this court.

Inasmuch as each appeal involves only a total of $250, we must determine if this court has jurisdiction.

The allowance of expenses and attorney fees authorized by Section 525.240 RSMo 1949, V.A.M.S., requires judicial action on the part of the trial court and are costs in the principal proceeding in garnishment and should be taxed as such. Christian County v. Dye (Bank of Highlandville, Garnishee), Mo.Sup., 132 S.W.2d 1018. This allowance to a garnishee when authorized must be made by the trial court, if at all, during the time the trial court retains jurisdiction over the judg-

ment discharging the garnishee, or in the instant cases, while the trial court retains jurisdiction over the judgment quashing the writ of garnishment, "inasmuch as it forms a component part of the judgment." Ladd v. Couzins, 52 Mo. 454. See also State ex rel. Williams v. Daues, 334 Mo. 91, 66 S.W.2d 137 and Christian County v. Dye, supra. The allowances made to the garnishees in the instant cases were costs and were so adjudged and taxed by the trial court against plaintiff. As such, the allowances formed an integral and component part of the judgments sustaining the garnishees' motions to quash the writs of garnishment.

The following series of cases present a comparable situation. A suit brought by the executor of a will against the heirs of the testatrix and those claiming under the will to determine their respective rights was determined in the trial court against certain heirs who appealed to the Supreme Court. The heirs filed a motion in the trial court for the allowance of their costs, including attorney fees, to be paid out of the funds of the estate. This motion was sustained and the executor appealed to the Kansas City Court of Appeals. In transferring the appeal to the Supreme Court, the Court of Appeals stated: "It is true the allowance was for $600, which amount in a controversy would ordinarily in a separate proceeding give this court exclusive jurisdiction on appeal, but as the amount was taxed as costs in the case, it is a part of the judgment itself, as the court had no authority to render any separate judgment whatever for costs; that is to say, there could only be one judgment." Sandusky v. Routt, Mo.App., 141 S.W. 11. This court decided the appeal taken by the heirs, Sandusky v. Sandusky, 261 Mo. 351, 168 S.W. 1150, before it considered the appeal taken by the executor from the allowance of attorney fees, but it accepted jurisdiction and commented that the "appeal was properly transferred here." Although the appeal involved only $600 this court retained jurisdiction and decided the case on its merits. Sandusky v. Sandusky, 265 Mo. 219, 177 S.W. 390, 393.

The allowances of attorney fees in the instant cases were taxed as costs and were an integral and component part of the principal judgments over which this court had jurisdiction on appeal. Therefore the present appeals were properly transferred here.

Appellant challenges the jurisdiction of the trial court to enter the orders allowing attorney fees to be taxed as costs, and he contends that when he filed his notices of appeal from the judgments of the trial court quashing the writs of garnishment, jurisdiction for all purposes was automatically transferred to the appellate court. In support of this position appellant cites Bromschwig v. Carthage Marble & White Lime Co., 334 Mo. 830, 68 S.W.2d 820; State ex rel. Callahan v. Hess, 348 Mo. 388, 153 S.W.2d 713; City of St. Louis v. Silk, 239 Mo.App. 757, 199 S.W.2d 23.

The judgment to be rendered in a garnishment proceeding is expressly denominated a "final judgment." Section 525.170 RSMo 1949, V.A.M.S. Conceding that a garnishment proceeding in aid of execution is technically not the institution of a new suit but only an incidental means of obtaining satisfaction of the judgment upon which the execution has been issued, Smith v. Bankers Life Ins. Co. of Nebraska, Mo.App., 170 S.W.2d 111, yet the nature of the proceeding is such as to require that the issues made up by the pleadings "shall be tried as ordinary issues between plaintiff and defendant." Section 525.190 RSMo 1949, V.A.M.S. Not only is the judgment in a garnishment proceeding a "final judgment" in that it finally disposes of all the issues and parties, but when that judgment is in favor of the party seeking to enforce his judgment by way of garnishment, it is one upon which execution "such as is allowed by law on general judgment" may issue to enforce said judgment. Section 525.110 RSMo 1949, V.A.M.S. The orders quashing the writs of garnishments were final judgments within the meaning of Section 512.-020 RSMo 1949, V.A.M.S., which disposed of the issues between the appellant as

plaintiff in the garnishment proceeding and the garnishees. Compare Frohoff v. Casualty Reciprocal Exchange, Mo.App., 113 S.W.2d 1026, wherein it was held that a judgment in a garnishment proceeding was a "final judgment" for the purpose of seeking a writ of error. Pursuant to Supreme Court Rule 3.24, 42 V.A.M.S., the judgments quashing the writs of garnishment did not become final for purposes of appeal until thirty days after entry. Therefore, the notices of appeal filed three days after entry were premature.

■ Less than thirty days after entry and pursuant to Supreme Court Rule 3.25, the trial court reopened and amended the judgments quashing the writs of garnishment to include as a part thereof the allowance to each garnishee of attorney fees to be taxed as costs as provided for in Section 525.240 RSMo 1949, V.A.M.S. At that time appellant had filed a notice of appeal in each case, but, the filing of a premature notice of appeal will not operate to remove the jurisdiction of the trial court to reopen, correct, amend and modify its judgments during the period this action is expressly authorized by Supreme Court Rule 3.25. Compare State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W. 2d 487. The action of the trial court complained of was taken during the time the court retained control of the judgments. Therefore, we need not decide in these cases the effect of a premature notice of appeal, if any, on the jurisdiction of the trial court subsequent to the time a judgment becomes final for appeal purposes. But see State ex rel. Thompson v. Terte, supra, and Nibler v. Coltrane, Mo.Sup., 275 S.W.2d 270. The cases cited by appellant, referred to above, do not aid him under the circumstances here. None of them pertains to the effect of a premature notice of appeal on the control by a trial court of its judgments for the period authorized by Supreme Court Rule 3.25.

■ This leaves the remaining question of whether the allowance of $250 attorney fees in each case was excessive, unreasonable, and unconscionable as con-

tended by appellant. The evidence concerning the legal work performed by counsel for the garnishees supports the allowance. These were unusual cases, and the garnishees had the duty to inquire into the legality of the writs of garnishment lest they expose themselves to possible liability. Row v. Cape Girardeau Foundry Co., Mo.App., 141 S.W.2d 113. The trial judge who made the allowances heard all the arguments in support of the motions in these two garnishment cases, and the judge who hears a case and is acquainted with all the issues involved is in a favorable position to evaluate the legal services and make a proper allowance therefor. There is nothing to show that the allowances made by the trial judge are excessive. They certainly are neither unreasonable nor unconscionable. We have no basis for holding that the trial court abused his discretion.

■ Appellant has, in each of these companion cases, attempted to take two appeals from the same judgment. The first appeal in each case, prematurely filed, was to this court from the judgment (before it was reopened and amended) quashing the writ of garnishment. See Flynn v. First National Bank in St. Louis, Case No. 44047, and Flynn v. First National Safe Deposit Co., Case No. 44048, supra. The second appeal in each case, taken to the St. Louis Court of Appeals and subsequently transferred here, was from that part of the same judgment which constituted only the amendment to the original judgment. Quite obviously, under the circumstances, appellant should have filed in each case one notice of appeal to the entire judgment after it became final for appeal purposes. No provision exists for a party to "split" a judgment and to take separate appeals from each part. However, the St. Louis Court of Appeals transferred the present appeals here before the opinion on the judgments quashing the writs of garnishment was handed down, and this court could have ordered the appeals from that part of the judgments quashing the writs of garnishment and the appeals from that part of the judgments allowing attorney

fees to be consolidated and treated as single appeals from the respective judgments. Although this was not done, and incidentally was not requested by the parties, we have treated each of the present appeals as a part of a single appeal from the respective judgments. This has been done only because the issues in the present appeals do not affect the issues presented in the appeals from that part of the judgments quashing the writs of garnishment, and for the further reason that respondents are not in any way prejudiced thereby.

The order in each of these companion cases allowing attorney fees as a part of the judgment sustaining the motions to quash the writs of garnishment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.