**The SQUIRE'S SHOP, INC., Plaintiff-Appellant,**

v.

**Robert H. BOEHLOW, Garnishee-Respondent,**
and
**Joanne Boehlow, Defendant-Respondent.**

No. 34216.

Missouri Court of Appeals,
St. Louis District.

June 27, 1972.

Richard M. Stout, John V. LaBarge, Jr., Kirkwood, for plaintiff-appellant.

Herbert D. Schaeffer, Clayton, for defendant-respondent.

DOWD, Presiding Judge.

This is an appeal from a judgment sustaining defendant Joanne Boehlow's motion to quash plaintiff's garnishment on garnishee Robert H. Boehlow. The plaintiff obtained a judgment against the defendant Joanne Boehlow in the amount of $261.77 in the Magistrate Court of St. Louis County. Subsequently, a transcript of the judgment was filed in the St. Louis County Circuit Court. That court issued an execution against defendant Joanne Boehlow and a garnishment naming Robert H. Boehlow garnishee. Thereafter, and before the return term of the Writ issued by the Circuit Court, defendant Joanne Boehlow filed a "Motion to Quash Garnishment." The motion alleged that the garnishee was not a personal debtor of the defendant. It further alleged that Joanne Boehlow and Robert H. Boehlow were divorced, and that under the terms of their divorce decree, defendant was merely a recipient of funds which the court required the garnishee to pay to the defendant for the support of their child, and that, therefore, the funds in question actually belong to the child. It was alleged that she received the funds only as a trustee, and for this reason, they are not subject to her personal debts, or any judgments or executions against her. The di-

vorce decree, originally issued and as modified, was attached to defendant's motion, showing an award to her of alimony, attorney fees and child support payments.

The defendant Joanne Boehlow failed to file a brief in this court. However, we do not reach the merits of this case, since it is our conclusion that the defendant's motion was premature and should not have been heard. The plaintiff has a statutory right to file interrogatories to the garnishee at the return term of the Writ. § 525.130 RSMo 1969 V.A.M.S. The return date of this Writ was June 22, 1971. This motion was sustained on April 15, 1971. Therefore, plaintiff was deprived of its right to inquire into the garnishee's status as a debtor of the defendant. Since the terms of the divorce decree indicate, in addition to child support, that the garnishee is also obligated for alimony and attorney fees, it is entirely possible that the garnishee may be a personal debtor of the defendant. The plaintiff may not be deprived of its rights of discovery by a prematurely sustained motion to quash. Reversed and remanded.

SMITH and SIMEONE, JJ., concur.