LANDMARK BANK OF LADUE (formerly Ladue Innerbelt Bank and Trust Co., etc.), et al., Plaintiffs-Appellant,

v.

GENERAL GROCER CO., Garnishee of M.H. & H. et al., Defendants-Resondents.

Nos. 47544, 47639.

Missouri Court of Appeals, Eastern District, Division Eleven.

Aug. 28, 1984.

Motion for Rehearing and Transfer Denied Nov. 20, 1984.

Sleater & Sleater, W.W. Sleater, Clayton, for plaintiffs-appellants.

Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for defendants-respondents.

PUDLOWSKI, Judge.

Landmark Bank of Ladue ("garnishor")[1] appeals from the trial court's order sustaining General Grocer Company's ("garnishee") motion to dismiss the garnishment and from the trial court's order awarding costs to garnishee. We affirm.

On January 7, 1981, garnishor obtained judgment against eight defendants for past rent of a supermarket building for the period of time between April 1, 1974 and August 31, 1975. *See Pine Lawn Bank & Trust Company v. M.H. & H., Inc.*, 607 S.W.2d 696 (Mo.App.1980). In aid of execution, garnishor summoned garnishee on March 11, 1983. Garnishee received service on March 22, 1983.

---

1. Formerly Pine Lawn Bank & Trust Company.

Thereafter, on April 12, 1983, garnishor filed its interrogatories in the garnishment proceeding. In its answers, garnishee denied possession or control of any funds or property of the defendants at the time the writ was served.

On May 2, 1983, garnishor filed its denial of garnishee's answers and objections. Garnishor alleged that garnishee made arrangements for the assignment of a lease for a retail grocery store from M.H. & H., Inc., to Bonne Foods in January 1973; that garnishor commenced foreclosure proceedings against the shopping center in which the store was located in March 1974; that garnishee's vice-president and general counsel, George Thomas, advised the defendants to cease making rent payments and instead make payments to garnishee which would hold the rents in escrow pending a determination of who was entitled to collect the rents.[2]

Garnishor further alleged that garnishee credited to this account 62 payments of $500.00 between November 15, 1974 and October 29, 1975, which totalled $32,458.78 including interest; that this account was a trust fund; that garnishee bore a fiduciary relationship to whomever could establish the rights to collect the rents; that the fund was maintained for the purpose of having the landlord forego its rights to evict the tenants; and that if garnishee had disbursed any funds from this account, it had done so in breach of its fiduciary duty to garnishor.

In its prayer, garnishor requested the following relief: (1) that the trial court find that the garnishee had in its possession or under its control a sum in excess of the amount due under garnishor's judgment between the service of the garnishment and the writ's return date; (2) that garnishee be ordered to pay into the court the amount of the judgment; or (3) in the alternative that the funds are not paid into the court, that judgment be entered in favor of

garnishor plus $100,000.00 in punitive damages.

On May 12, 1983, garnishee filed a motion to dismiss garnishor's denial for failure to state a cause of action upon which relief can be granted, or in the alternative, to strike certain portions of garnishor's denial. The trial court sustained the motion to dismiss holding:

> The Court, after considering the pleadings and the oral arguments and the briefs of law, does sustain the Garnishee's Motion To Dismiss Garnishment proceedings as the court is of the opinion that Plaintiff's pleadings alleging a breach of fiduciary duty exceed the scope of a garnishment action, and that the garnishment statute is not broad enough to include the power to bring a suit to recoup money previously paid out under the direction of the defendant-debtor.

Thereafter, garnishee filed its motion for costs. On August 4, 1983, the trial court awarded garnishee the sum of $2,500.00. This consolidated appeal follows.

Garnishor raises three issues. First, the court erred in dismissing the garnishment because the garnishor asserts it was entitled to a trial on the issues framed by its denial. Second, the trial court erred in dismissing the garnishment because the trial court had not ruled upon garnishor's objections to garnishee's interrogatory answers. Last, the trial court abused its discretion in awarding garnishee $2,500.00 as costs.

Garnishor first alleges error in the trial court's order sustaining garnishee's motion to dismiss the garnishment because garnishor argues it was entitled to a trial on the issues framed in its denial. We disagree.

The issues in a garnishment are normally established by the garnishor's denial of the garnishee's interrogatory answers and the latter's reply or response. RSMo § 525.190 (1978); Rule 90.13(c).

---

**2.** In *Pine Lawn Bank & Trust Company v. M.H. & H., Inc.*, 607 S.W.2d 696 (Mo.App.1980), we determined garnishor was entitled to the rent.

In garnishment cases, the summoning of the garnishee, and the propounding of the interrogatories to him and his answer thereto, are merely the preliminaries to the making up of the issues between plaintiff and the garnishee. When the latter answers saying he has no money or property of the defendant, the denial of the plaintiff is the foundational pleading on which his cause of action against the garnishee rests. The issues are made up, not by the interrogatories and answer, but by the denial and reply. *Rees v. Peck-King Mortgage Company,* 206 Mo.App. 690, 230 S.W. 666, 667 (1921). This denial stands in place of the petition and like any other pleading must contain the grounds upon which recovery is sought. *Id.* at 668.

■ For purposes of this review, we treat garnishor's denial as we would an ordinary petition. "On a motion to dismiss for failure to state a claim, we are required to construe the petition favorably and to give the pleader the benefit of every reasonable and fair intendment in view of the facts alleged." *Laclede Gas Company v. Hampton Speedway Company,* 520 S.W.2d 625, 629–30 (Mo.App.1975). We will not sustain a motion to dismiss for failure to state a claim unless it appears that the pleader can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 630.

■ In the present case, garnishor failed to allege any facts sufficient to sustain its recovery against garnishee. Although garnishor alleged that garnishee possessed the funds which Bonne Goods owed garnishor, it failed to allege any facts establishing garnishee's possession or control of the funds during the time of service of the writ and its return date. It is significant that garnishee's account ledger for Bonne Food's funds shows a zero balance. Indeed, the appeal from the judgment which this garnishment is in aid of execution states:

On September 2, 1975, Mr. Rubenstein requested that General Grocer Company [garnishee] send the rentals in Bonne Foods' escrow account to DMI in care of him. General Grocer complied, and DMI agreed to indemnify the company should Bonne Foods be liable to another for the rent.

*Pine Lawn Bank & Trust Company,* 607 S.W.2d at 699.

This aside, garnishor also alleged that if garnishee had transferred any funds owing to garnishor from Bonne Foods, garnishee had done so in breach of its fiduciary duty to garnishor. Under this allegation, garnishor sought $100,000.00 in punitive damages plus the $32,458.78 judgment. Thus, the dispositive question before us is whether the scope of a garnishment in aid of execution has the breadth to encompass an action for breach of fiduciary duty. We think not.

■ Garnishment in aid of execution is an incidental remedy whereby a plaintiff seeks to collect the judgment by reaching the defendant's property in the hands of a third party. *Tom Houlihan's Men's Wear v. Wilkerson,* 407 S.W.2d 58, 60 (Mo.App. 1966). Because this remedy is a creature of statute in derogation of the common law, strict compliance with all of the requirements formerly imposed by statutes and now enjoined by civil rules is essential to confer and support jurisdiction in a garnishment proceeding. *State ex rel. Bagnell Investment Company v. Luten,* 647 S.W.2d 539, 541 (Mo. banc 1983). As an incidental remedy, garnishment was never intended to enable a plaintiff to enforce claims held by him directly against the garnishee. 38 C.J.S. *Garnishment* § 2 (1943).

■ Ordinarily, the test of a garnishee's liability is measured by its liability to the defendant. *Wilkerson,* 407 S.W.2d at 60. "Thus, if the garnishee owes the defendant nothing, then (if there is no fraud or collusion) the garnishee is not liable to the defendant's creditor." *Id.* Where fraud enters into the transaction, however, an exception to the general rule follows, and the garnishor may garnish the funds in the hands of fraudulent transfer-

ees. *Mercantile-Commerce Bank & Trust Company v. Meletio,* 84 S.W.2d 655, 658 (Mo.App.1935).

Although garnishor alleged a breach of fiduciary duty in its denial, garnishor asserts in its brief that any transfer of Bonne Food's funds held by garnishee was fraudulent as well. In support of this contention, garnishor relies on *Leonard v. Martin,* 282 Mo. 48, 214 S.W. 968 (Mo.1919), and *Brown Shoe Company v. Sacks,* 201 Mo.App. 360, 211 S.W. 133 (1919). In *Leonard,* the Missouri Supreme Court ruled that garnishment would lie against the garnishees because they had participated with full knowledge in the fraudulent purchase and sale of the garnishor's cattle. In *Brown Shoe Company,* the court of appeals held that the garnishee was subject to the garnishment because he came into possession of the defendant's property through a fraudulent transfer in violation of the Missouri Bulk Sales Law.

■ Though these cases both stand for the rule where the garnishee fraudulently gains possession of the defendant's property, a writ of garnishment may be used to reach the property, they have no application to the facts garnishor pled in its denial. Giving garnishor's denial the benefit of every favorable intendment and accepting the facts stated as true, we can infer no fraudulent actions by either Bonne Foods or garnishee.

■ In the present case, it is evident that garnishor has attempted to bring a separate and independent action against garnishee for an alleged breach of fiduciary duty within the narrow confines of a garnishment in aid of execution. Garnishor's action requires a proceeding more elastic and comprehensive than a garnishment. Neither Chapter 525, RSMo 1978, nor Rule 90 provide for an action by a garnishor against a garnishee for punitive damages. We cannot permit garnishor to substitute the purely incidental remedy of garnishment for an action alleging breach of fiduciary duty and requesting punitive damages. The trial court properly dismissed garnishor's action for failure to state a claim upon which recovery against garnishee could be sustained with in the scope of a garnishment proceeding.

Garnishor next argues the trial court erred in dismissing the garnishment because the trial court had not ruled upon garnishor's objections to garnishee's interrogatory answers. Garnishor asserts that it was denied its discovery rights to inquire into garnishee's status as a debtor of the defendants. To support this contention, garnishor relies on the *Squire's Shop, Inc. v. Boehlow,* 482 S.W.2d 738 (Mo.App.1972). In *Boehlow,* the trial court sustained the defendant's motion to quash the garnishment before the return date of the writ. This effectively denied the garnishor any opportunity to inquire into the garnishee's status as a debtor of the defendant as permitted under RSMo § 525.130 (1969). The court of appeals reversed holding where the garnishor had a statutory right to file interrogatories to the garnishee at the return date of the writ, defendant's motion to quash the garnishment, which was made prior to the return date of the writ, was prematurely sustained.

■ The present case merits a different result. Unlike *Boehlow,* the trial court dismissed the garnishment after the return date of the writ and after the interrogatories were filed and answered. Although garnishor denied and objected to garnishee's answers, the trial court correctly sustained garnishee's motion to dismiss. As we have already determined, garnishor failed to allege sufficient facts to maintain an action within the scope of a garnishment in aid of execution.

This leaves the remaining question of whether the trial court erred in awarding garnishee $2,500.00 as costs. Garnishor alleges error on four grounds: (1) garnishee's motion was untimely; (2) RSMo § 525.240 (1978) does not provide for costs in original proceedings, but only in subsequent proceedings; (3) garnishee was the main litigant and not an innocent stakeholder; and (4) the amount awarded was excessive.

We treat the trial court's order sustaining garnishee's motion to dismiss the garnishment for failure to state a claim as we would an order to a quash a garnishment.[3] Orders quashing writs of garnishment are final judgments within RSMo § 512.020 (1978). *Flynn v. First National Safe Deposit Company*, 284 S.W.2d 593, 596 (Mo.1955). Accordingly, orders quashing writs of garnishment do not become final until thirty days after the date of entry and, until that time, the trial court retains jurisdiction to reopen, correct, and modify its judgments. *Id.* at 597; Rule 75.01.

In the present case, garnishee's Rule 90.18(b) motion for costs was timely filed. The trial court sustained garnishee's motion to dismiss the garnishment on July 12, 1983. Consequently, the trial court retained jurisdiction over the garnishment when the motion for costs was filed on July 19, 1983 and when the motion was ruled upon on August 4, 1983. The fact that garnishor filed its notice of appeal from the order dismissing the garnishment on July 25, 1983 did not serve to remove the trial court's jurisdiction to award costs. *Flynn*, 284 S.W.2d at 597.

Under RSMo § 525.240 (1978), the garnishor's failure to recover judgment against the garnishee is a condition precedent to an award of costs and attorney's fees to the garnishee. *First National Bank in Chester v. Conner*, 485 S.W.2d 667, 672 (Mo.App.1972). Rule 90.18(b) provides in part, "If a garnishor does not recover judgment against the garnishee, all of the costs attending such garnishment shall be taxed against the garnishor." This allowance should be an amount sufficient to indemnify the garnishee for his time and expenses, including attorney's fees. In the present case, where garnishor failed to recover judgment against garnishee, the trial court properly awarded costs under Rule 90.18(b).

Garnishor also contends the trial court erroneously awarded costs to garnishee because garnishee was an active litigant and not a mere stakeholder. In support of its position, garnishor relies on *First National Bank* which holds that a garnishee who becomes an active litigant and loses is not entitled to an indemnification for attorney's fees, costs, and expenses. 485 S.W.2d at 672. In that case, the garnishee prevailed on a jurisdictional ground. Garnishor argues that it follows that a garnishee is entitled to costs only if he prevails on a jurisdictional defect or upon a ground which would render the underlying judgment void. We disagree and find no such limitation in either RSMo § 525.240 or Rule 90.18(b).

Garnishor's final contention is that the trial court abused its discretion in the amount of costs it awarded garnishee. In the present case, garnishee sought $4,257.30 for attorney's fees plus $370.00 for the time spent by garnishee's employees. The trial court awarded $2,500.00 as a reasonable fee for the services and time rendered. We find the evidence in this case supports the trial court's award. The trial judge who makes the allowance is in the most favorable position to evaluate the costs and make a proper award. *Flynn*, 284 S.W.2d at 597. Moreover, the present case was not an ordinary garnishment proceeding. It was unusually complex and included allegations of a breach of fiduciary duty and exposed garnishee to potential liability of over $130,000.00, including $100,000.00 in punitive damages. We have no basis for holding that the trial court abused its discretion.

The trial court's order sustaining garnishee's motion to dismiss the garnishment and the trial court's award of costs to garnishee are affirmed. Additionally, garnishee's cost on appeal totaling $2,517.70 awarded pursuant to Rule 90.18(c).

CRANDALL, P.J., and DON W. KENNEDY, Special Judge, concur.

---

3. Garnishor's failure to state a cause of action is a proper ground for quashal or dismissal of a garnishment proceeding. 38 C.J.S. *Garnishment* § 270(c) (1943).