

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **AMY LEIGH SAUVAIN, ET AL.,** | ) | |
| | ) | |
| **Appellants,** | ) | **WD79198** |
| | ) | |
| **v.** | ) | **OPINION FILED: October 4, 2016** |
| | ) | |
| **ACCEPTANCE INDEMNITY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Clay County, Missouri**
The Honorable Janet L. Sutton, Judge

Before Division Two:  Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Appellants Amy Sauvain, Ericka Sauvain, and Bonnie Hughes (collectively "Plaintiffs") appeal from the Circuit Court of Clay County's granting of Acceptance Indemnity Insurance Company's ("Acceptance") Motion to Quash a garnishment sought by the Plaintiffs.  We affirm.

## Factual and Procedural Background

In a separate underlying lawsuit that preceded the present case, Plaintiffs brought suit alleging that David Bowman, Jr.'s ("Bowman, Jr.") negligence caused a head-on

collision with a vehicle operated by John Sauvain, III ("Sauvain") in Barry County, Missouri on April 30, 2005. Bowman, Jr. was driving a 1998 Ford Contour when he crossed the center line and struck Sauvain's 1998 Ford Escort ("the Collision"). Bonnie S. Hughes ("Hughes") was a passenger in Sauvain's vehicle at the time of the accident. Sauvain was killed, and Hughes suffered serious injuries in the accident. The circuit court ultimately entered judgment against Bowman, Jr., awarding to Ericka Sauvain and Amy Sauvain $2,000,000 for the wrongful death of Sauvain and $4,000,000 to Hughes for her injuries (the "Judgment"). Bowman, Jr.'s personal auto insurer, USAA, agreed to pay the sum of $50,000. In addition, Plaintiffs entered into a settlement agreement, pursuant to Section 537.065[1], with Bowman, Jr.

On July 14, 2008, following the Judgment and the Section 537.065 settlement, the Plaintiffs filed an equitable garnishment action against Acceptance, alleging that Bowman, Jr. was an insured under a policy issued by Acceptance ("Policy") and that the Policy provided coverage for the Collision. This case has previously been before this court twice during the equitable garnishment action. *Sauvain v. Acceptance Indem. Ins. Co.*, 339 S.W.3d 555 (Mo. App. W.D. 2011) ("*Sauvain I*"); *Sauvain v. Acceptance Indem. Ins. Co.*, 437 S.W.3d 296 (Mo. App. W.D. 2014) ("*Sauvain II*").[2] In *Sauvain I*, Acceptance challenged the circuit court's finding that its Policy covered Bowman, Jr. at the time of the accident. This Court concluded that the undisputed facts of this case were not sufficient for either party to be entitled to summary judgment; hence, we remanded the case for a

---

[1] All statutory references are to RSMo 2000 cumulative as currently supplemented, unless otherwise noted.
[2] For a complete recitation of the arguments and facts surrounding the Policy and Acceptance's denial of coverage to Bowman, Jr., *see Sauvain I* and *Sauvain II*.

2

trial.  Upon remand, the parties waived their right to trial by jury and proceeded with a bench trial.  On January 21, 2013, the trial court found that the Plaintiffs were entitled to judgment against Acceptance on their claim for equitable garnishment in the amount of the policy limits of $100,000 ("Equitable Garnishment Judgment").

Acceptance appealed this Equitable Garnishment Judgment in *Sauvain II*, arguing that there was substantial evidence to find the vehicle was not covered under the Policy. This Court found that, although there was substantial evidence in the record that would have supported Acceptance's position, the trial court's finding that Bowman, Jr. was covered by the Policy was also supported by substantial evidence and was not against the great weight of the evidence.  We affirmed the Equitable Garnishment Judgment against Acceptance for the limits of the Policy of $100,000.

Plaintiffs collected the $100,000 from Acceptance but then filed a garnishment action under Chapter 525 and Rule 90[3], seeking to garnish from Acceptance the remaining $5,900,000[4] of the Judgment against Bowman, Jr. ("Garnishment").  As a factual basis of support for the Garnishment, Plaintiffs contended that Acceptance had a duty to defend Bowman, Jr. in the negligence case and, in refusing to do so, Acceptance breached its contractual duty.  In Missouri, if an insurer is found to have breached its duty to defend, it may be liable for all resultant damages (the amount of the judgment)--even beyond the policy limits.  *See Schmitz v. Great Am. Assurance Co.*, 337 S.W.3d 700, 708-09 (Mo. banc

---

[3] All rule references are to Missouri Supreme Court Rules (2016).
[4] The total amount of the garnishment was for $5,900,030.  $5,900,000 for the Judgment and $30 for the fees associated with the garnishment.

3

2011). Thus, Plaintiffs claimed that they were entitled to recover the full remaining judgment against Bowman, Jr. from Acceptance.

Acceptance filed a Motion to Quash Garnishment on May 29, 2015 ("Motion to Quash"). Acceptance argued that a court lacks authority in a garnishment action under Chapter 525 and Rule 90 to enter an award for the full Judgment. Chapter 525 and Rule 90 garnishment actions are traditional "garnishment in aid of execution" actions that are ancillary *in rem* proceedings. In such garnishment in aid of execution actions, the merits of an underlying action--in this case Acceptance's alleged breach of its duty to defend--are an improper subject matter for the court. Acceptance contended that the circuit court was limited to issuing a garnishment order for the limits of the Policy because that was the sole issue that had been previously decided. Acceptance argued that outstanding questions regarding Acceptance's duty to defend and any liability stemming from that duty were not before the court for consideration.

The trial court agreed and granted Acceptance's Motion to Quash on December 2, 2015. This appeal followed.

**Standard of Review**

"Appellate review of a trial court's decision on a motion to quash requires that the judgment be affirmed unless there is not substantial evidence to support it, the judgment is against the weight of the evidence, or it erroneously declares or applies the law." *Keipp v. Keipp*, 385 S.W.3d 470, 473 (Mo. App. W.D. 2012).

4

**Discussion**

Plaintiffs' sole point on appeal contends that the trial court erred in quashing Plaintiffs' Garnishment because the court erroneously found that Plaintiffs were not entitled to recover in excess of the judgment against an insurer in a garnishment proceeding brought under Chapter 525.

This case must necessarily begin with an explanation of Missouri's garnishment proceedings. Missouri recognizes two types of garnishment actions against insurers. Chapter 525 and Rule 90 recognize what is known as "a garnishment in aid of execution" or a "traditional garnishment." *State ex rel. Koster v. Cain*, 383 S.W.3d 105, 112 (Mo. App. W.D. 2012). It assists in the recovery of an *existing* judgment. *Id.* A garnishment action pursuant to section 379.200 is a direct garnishment action known as an "equitable garnishment proceeding," in which a plaintiff, in a separate lawsuit, is attempting to assert an independent claim or claims directly against an insurer. *McDonald v. Ins. Co. of State of Pa.*, 460 S.W.3d 58, 67 (Mo. App. W.D. 2015). An equitable garnishment action results in a *new* judgment against an insurer. *Johnston v. Sweany*, 68 S.W.3d 398, 403 (Mo. banc 2002).

A traditional garnishment or garnishment in aid of execution is a statutory creation in derogation of the common law. *Moore Auto. Grp., Inc. v. Goffstein*, 301 S.W.3d 49, 53 (Mo. banc 2009). Such an action "'is a proceeding *in rem* that brings within the jurisdiction and power of the court a debt or chose in action and impresses it with the lien of the judgment in aid of execution.'" *McGathey v. Matthew K. Davis Trust*, 457 S.W.3d 867, 873 (Mo. App. W.D. 2015) (quoting *Div. of Emp't Sec. v. Cusumano*, 785 S.W.2d 310, 312

5

(Mo. App. E.D. 1990)). A garnishment proceeding governed generally by Chapter 525 and Rule 90 is an ancillary proceeding growing out of, and dependent on, an underlying original or primary action or proceeding. *Moore Auto. Grp., Inc.*, 301 S.W.3d at 53. "Garnishment in aid of execution is an incidental remedy by which a judgment creditor may collect [upon an existing] judgment by reaching the judgment debtor's property in the hands of a third party." *State ex rel. Koster*, 383 S.W.3d at 112 (internal quotations omitted). "Because garnishment represents a means by which a judgment creditor seeks to enforce or collect a judgment, it is axiomatic that [a] valid judgment . . . [is an] indispensable prerequisite[] to a valid garnishment." *Id.* (internal quotations omitted). In a garnishment in aid of execution action, the garnishment action is styled with the same case style and has the same case number as the original suit; the insurer is not indicated as a party but as a garnishee. *Johnston*, 68 S.W.3d at 404.

The procedure for garnishment in aid of execution is set forth in Rule 90.07. Interrogatories are served on the garnishee simultaneously with the summons and writ of garnishment. Rule 90.07(a). The garnishee is required to file and serve verified answers to the interrogatories. Rule 90.07(b). The garnishor then files any exceptions to the interrogatory answers, asserting any objections to the answers and all grounds upon which recovery is sought against the garnishee. Rule 90.07(c). The garnishee may file a response to the exceptions. Rule 90.07(d).

> In garnishment actions governed by Rule 90 and Chapter 525:
>
> the summoning of the garnishee, and the propounding of the interrogatories to [it] and [its] answer thereto, are merely the preliminaries to the making of the issues between plaintiff and the garnishee. When the latter answers

6

saying [it] has no money or property of the defendant, the denial [or exceptions] of the plaintiff is the foundational pleading on which its cause of action against the garnishee rests. The issues are made up, not by the interrogatories and answer, but by the denial [or exceptions] and reply [or response].

*Landmark Bank of Ladue v. Gen. Grocer Co.*, 680 S.W.2d 949, 953 (Mo. App. E.D. 1984) (quoting *Rees v. Peck-King Mortg.. Co.*, 230 S.W. 666, 667 (Mo. App. 1921)); *see also Wayland v. Nationsbank, N.A.*, 46 S.W.3d 21, 24 (Mo. App. E.D. 2001). The exceptions to interrogatory answers stand in place of a petition and must contain the grounds upon which recovery is sought. *Landmark Bank of Ladue*, 680 S.W.2d at 953.

By contrast, although called an equitable garnishment, section 379.200 is a direct cause of action against an insurance company and, in reality, "is no garnishment at all." *Zink v. Emp'rs Mut. Liab. Ins. Co.*, 724 S.W.2d 561, 564 (Mo. App. W.D. 1986) (overruled on other grounds by *Johnston v. Sweany*, 86 S.W.3d 398, 403 (Mo. banc 2002)). "An equitable garnishment action is a suit in equity against the insurance company to seek satisfaction of one's judgment under an insurance policy." *McDonald*, 460 S.W.3d at 67 (internal quotation omitted). "[Section] 379.200 did not create an exclusive, specific statutory remedy." *Cronin v. State Farm Fire & Cas. Co.*, 958 S.W.2d 583, 587 (Mo. App. W.D. 1997). It may be used in conjunction with a Rule 90 garnishment. *Johnston*, 68 S.W.3d at 403-04.

"In an equitable garnishment action brought directly against an insurer, the plaintiff must prove that a judgment was obtained against an insurance company's insured during the policy period and that the injury is covered by the policy." *Taylor v. Bar Plan Mut. Ins. Co.*, 457 S.W.3d 340, 344 (Mo. banc 2015); section 379.200. The insurer may assert

7

any defense against the judgment creditor which it might have asserted as a defense in an action brought against it by its insured, including the defense of "no coverage", by providing that the accident fell under a policy exclusion and was, therefore, outside the insurance contract's coverage. *Adams v. Manchester Ins. & Indem. Co.*, 385 S.W.2d 359, 363 (Mo. App. 1964).

Thus, whereas an equitable garnishment action asserts a separate and distinct claim or claims against an insurer and seeks judgment directly against the insurer, a garnishment in aid of execution is used to collect upon rights that have been adjudicated in an existing judgment. The question that is posed by the Plaintiffs, and left to this Court to consider, is whether a garnishment in aid of execution *may* be used to decide a separate and distinct claim related to the judgment sought to be garnished, despite historically not being used in such a way.[5] Specifically in this case, may the circuit court decide whether Acceptance breached its duty to defend under the Policy within the confines of a garnishment in aid of execution proceeding, thus allowing for collection of damages (the Judgment) beyond policy limits?

Whether a party may recover damages for breach of duty to defend under a garnishment in aid of execution proceeding is a two-part question. First is whether, under Rule 90, damages for a breach of a duty to defend are "property subject to garnishment." Rule 90.01 defines "[p]roperty subject to garnishment" to include "all goods, personal

---

[5] This issue is currently being considered by the Supreme Court. *See Allen v. Bryers*, WD 77905, 2015 WL 5439944 (Mo. App. W.D. Sept. 15, 2015) ordered transferred March 1, 2016, argued and submitted May 4, 2016.

8

property, money, credits, bonds, bills, notes, checks, *choses in action*, or other effects of debtors and all debts owed to debtor . . . ." *See also*, section 525.040. "Chose in action" is defined as:

> 1. A proprietary right in personam, such as a debt owed by another person, a share in joint-stock company, or a claim for damages in tort. 2. The right to bring an action to recover a debt, money, or thing. 3. Personal property that one person owns but another person possesses, the owner being able to regain possession through a lawsuit.

BLACK'S LAW DICTIONARY, p. 258 (8th ed. 2004) (internal citations omitted). Under this definition of "chose in action," a claim for damages in tort would be property subject to attachment in a garnishment in aid of execution proceeding. However, a garnishment action cannot reach a contingent liability, because a contingent liability is not currently due. *See Raithel v. Hamilton-Schmidt Surgical Co.*, 48 S.W.2d 79, 81-82 (Mo. App. 1932). "Debts not yet due to the defendant may be attached, but no execution shall be awarded against the garnishee for debts until they shall become due." Section 525.260. The question is whether a debt for which the garnishee can currently sue--such as an insurer's breach of a duty to defend--constitutes a present debt as a "chose in action" that is subject to garnishment. It is clear that garnishment cannot occur until a debt is "due," which fundamentally requires a court deciding that such a debt exists. We find that, although it may appear that this type of debt could potentially be collected in a garnishment in aid of execution action, the court lacked authority within such an action to make the determination that the debt was due.

"As a general rule, [in a garnishment in aid of execution] the garnishee cannot dispute the merits of [the] plaintiff's claim against the defendant, and cannot go outside the

record to make a collateral attack on the judgment." *Thompson v. B&G Wrecking & Supply Co.*, 346 S.W.2d 65, 68 (Mo. 1961) (internal citation omitted). "Garnishment in aid of execution is an incidental remedy whereby a plaintiff seeks to collect the judgment by reaching the defendant's property in the hands of a third party." *Landmark Bank of Ladue*, 680 S.W.2d at 953. "As an incidental remedy, garnishment [in aid of execution] was never intended to enable [an insured or the insured's assign] to enforce claims held by him directly against the garnishee." *Id.*

The only issue in a garnishment in aid of execution is whether "the garnishee is possessed of property or effects of the defendant, or is indebted to the defendant." Section 525.220. At trial:

> [i]f . . . it shall appear that property, effects or money of the defendant are found in the hands of the garnishee, the court or jury shall find what property or effects, and the value thereof, or what money are in his hands, . . . then the court shall enter up judgment against the garnishee for the proper amount or value as found in money, and execution may issue forthwith to enforce such judgment.

Section 525.200.

Accordingly, the only question in a garnishment in aid of execution proceeding is whether the insurer/garnishee furnished coverage under the insurance policy so that a garnishor may garnish that coverage to pay for the underlying judgment already determined in a separate proceeding. This is because a garnishment in aid of execution proceeding is an *in rem* ancillary action designed to enforce rights and obligations set forth in an underlying judgment. This is not a proceeding in which separate and independent tort claims that might exist against the insurer/garnishee may be pursued. In this case, any

10

alleged breach of duty to defend by Acceptance is not ancillary to any adjudication contained within the Judgment or the Garnishment Execution Judgment filed with this Garnishment. Neither judgment makes a determination as to Acceptance's duty to defend Bowman, Jr. nor has a breach of such a duty been adjudicated. Such a claim is a fiduciary and, arguably, punitive claim against an insurer that simply is not permissible in this procedural setting.

> In the present case, it is evident that garnishor has attempted to bring a separate and independent action against garnishee for an alleged breach of fiduciary duty within the narrow confines of a garnishment in aid of execution. Garnishor's action requires a proceeding more elastic and comprehensive than a garnishment. Neither Chapter 525 . . . nor Rule 90 provide[s][sic] for an action by a garnishor against a garnishee for punitive damages. We cannot permit garnishor to substitute the purely incidental remedy of garnishment for an action alleging breach of fiduciary duty and requesting punitive damages.

*Landmark Bank of Ladue*, 680 S.W.2d at 954.

As noted by Acceptance, the cases primarily relied on by Plaintiffs, *Columbia Casualty Company v. HIAR Holding, LLC*, 411 S.W.3d 258 (Mo. banc 2013) and *Schmitz v. Great American Assurance Company*, 337 S.W.3d 700 (Mo. banc 2011), do not address the question of whether extra contractual damages may be considered and determined by a court in a garnishment in aid of execution action. Both cases were direct action cases brought against an insurer. The obligations of the insurer and the damages owed resulting from a breach of those obligations were determined in declaratory actions separate from the garnishment proceedings. In the present action, it has not been conclusively established that the Acceptance Policy did in fact cover the accident at issue and the total unpaid damages are $5,900,000.00. The only issues that remain to be decided are (1) whether the

11

facts as known to Acceptance at the beginning of the case indicated there was a possibility that it would be required to indemnify Bowman, Jr. and (2) was Acceptance provided notice and the opportunity to defend the underlying lawsuit. *McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 170 (Mo. banc 1999); *State Farm Fire & Cas. Co. v. Metcalf*, 861 S.W.2d 751, 756 (Mo. App. S.D. 1993). In essence, whether Acceptance had a duty to defend and whether Acceptance breached that duty remain to be decided.

In *Columbia*, HIAR Holding, L.L.C. was insured by Columbia Casualty Insurance. 441 S.W.3d at 262. HIAR was sued in a class action lawsuit and instructed Columbia to defend the suit. *Id.* After Columbia refused, HIAR defended the suit at its own expense and ultimately settled the suit for an amount beyond policy limits. *Id.* The class sought to collect on the settlement judgment by bringing a garnishment action against Columbia. *Id.* at 263. Columbia objected to the applicability of its coverage and sought a declaratory judgment clarifying its duties to defend and indemnify the class's claims under HIAR's policy. *Id.* The garnishment action was stayed pending the resolution of the declaratory action. *Id.* The court granted the class the right to garnish the full amount of the settlement only after the declaratory judgment proceeding found that Columbia had a duty to indemnify HIAR for the full settlement. *Id.*

*Schmitz* too was an equitable garnishment action brought directly against the insurer rather than the garnishment in aid of execution action brought here. *Schmitz*, 337 S.W.3d at 710. Plaintiffs are correct that *Schmitz* supports long-standing Missouri law that an insurer can be liable for the entirety of a judgment if it breaches its duty to defend. *Id.* It

12

does not, however, support Plaintiff's proposition that whether a duty has been breached can be decided in a garnishment in aid of execution action--a type of action not even at issue in *Schmitz*.

Beyond supporting the undisputed contention that an insurer may be liable for the entire amount of a judgment if it breaches its duty to defend an insured, these cases are not instructive as to the current issues before this Court.

### Conclusion

The circuit court was not authorized to consider whether Acceptance is liable for the entire amount of the Judgment based on an alleged breach of a duty to defend Bowman, Jr. Nor was the circuit court authorized to grant a garnishment for damages for such an alleged breach. Neither question was a proper consideration for the court in a garnishment in aid of execution proceeding. As such, the circuit court did not error in quashing Plaintiff's Garnishment for the full $5,900,000 Judgment.

_____
Gary D. Witt, Judge

All concur

13